Commonwealth *v.* Miller, Appellant.

Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Leon W. Silverman,* for appellant.

*Michael J. Rotko,* Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, May 3, 1968:

Appellant Frank Miller was convicted of robbery. An appeal to the Superior Court resulted in a per curiam affirmance of this conviction. See *Common-*

*wealth v. Miller,* 211 Pa. Superior Ct. 311, 235 A. 2d 167 (1967) (HOFFMAN, J., dissenting). We then granted allocatur. After allocatur was granted, the Commonwealth filed a petition with this Court requesting that the order of the Superior Court be reversed, the judgment of sentence vacated and a new trial granted to appellant. We agree that such a course is prop-er. However, in any case in which a reversal is entered by this Court, we are statutorily required to file a written opinion containing the reasons for that reversal. Act of May 11, 1871, P. L. 266, §1, 17 P.S. §91. We shall do so as briefly as possible.

During appellant's robbery trial, he admitted driving the get-away car for one Rudy Tilghman but denied any participation in the offense. Miller insisted that he first met Tilghman on the day of the robbery and that he did not recall ever having seen him before that particular day. By way of rebuttal the Commonwealth called a detective who testified that while appellant was in custody he admitted having previously known Tilghman. This aspect of the Commonwealth's rebuttal was twice mentioned in the trial judge's charge. The jury was informed that one of the questions it would have to resolve was whether appellant knew Tilghman prior to the day of the robbery. It is undisputed that the statement given by appellant to which the detective testified and the trial judge twice referred was obtained without the warnings required by *Miranda v. Arizona,* 384 U.S. 436, 86 S. Ct. 1602 (1966).

In *Commonwealth v. Padgett,* 428 Pa. 229, 237 A. 2d 209 (1968) we dealt with the issue of the admissibility of a statement procured in the absence of *Escobedo* or *Miranda* warnings and held that such a statement was inadmissible though used for the limited purpose of impeaching credibility. However, we also

held in *Padgett* that evidentiary use of a statement violative of *Miranda* could constitute harmless error under *Chapman v. California,* 386 U.S. 18, 87 S. Ct. 824 (1967) and *Commonwealth v. Pearson,* 427 Pa. 45, 233 A. 2d 552 (1967). The issue thus presented is whether admission of the detective's testimony (over objection of appellant's counsel) was harmless error.

*Chapman* mandates that an error of constitutional magnitude can be deemed harmless only if the court is convinced that the error "was harmless beyond a reasonable doubt." We are not so convinced and thus must grant appellant a new trial. This Court stressed in *Pearson* (where we held the error harmful) that the trial judge in his charge referred to the constitutionally inadmissible evidence while in *Padgett* (error held harmless) we noted that there was no reference in the charge to the unconstitutionally procured statement. Similarly, the constitutionally inadmissible evidence in *Pearson* played a substantial role in the Commonwealth's trial strategy; in *Padgett,* the defendant's statement was employed only briefly and varied with defendant's trial testimony on two immaterial points. Given both the fact that the trial judge in the present case made reference in his charge to appellant's unconstitutionally procured statement and that the statement was used to contradict appellant on a material point, we believe that *Pearson* controls and therefore a new trial is required.

The order of the Superior Court is reversed, the judgment of sentence of the Court of Oyer and Terminer of Philadelphia County is vacated and the record is remanded to the Court of Oyer and Terminer with instructions to award appellant a new trial.