## Commonwealth *v.* Beach, Appellant.

Argued January 21, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Carl M. Mazzocone,* with him *Frank Carano,* for appellant.

*James D. Crawford,* Assistant District Attorney, with him *Victor J. DiNubile, Jr.,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, April 22, 1970:

The appellant, Leroy Beach, was convicted by a jury of murder in the second degree. After post-trial motions were dismissed, a prison sentence of five to twenty years was imposed. This appeal from the judgment followed. It is urged that error occurred during the trial proceedings which requires a new trial. We agree.

The prosecution resulted from the fatal stabbing of Clyde Griffin on November 20, 1965, following an altercation in a small restaurant in Philadelphia operated by Mr. and Mrs. Hubert Collins. The Commonwealth's evidence consisted of the testimony of Mr. and Mrs. Collins and others who were present in the restaurant at the time. The testimony of these witnesses, while not consistent in all respects, may be briefly summarized as follows:

Griffin, who apparently had been drinking previously, came into the restaurant in a mean mood, intent upon asking Mr. Collins what he knew about someone breaking into Griffin's girl friend's apartment earlier, and forcing sexual relations upon her. Griffin used loud, abusive and profane language and engaged in a pushing argument behind the service counter of the restaurant with Mr. Collins. Beach, who was seated in front of the service counter, reached over the counter, picked up a small butcher knife, leaned over the counter, grabbed Griffin from the rear around the neck with one arm, held the knife against Griffin's throat with his other hand and said to Collins: "You scared to kill him, I'll kill him." Collins then grabbed Beach's arm and twisted the knife away from Griffin's throat. Griffin escaped from Beach's grasp, and started to move away, but after Griffin had walked some few feet to the end of the counter, Beach approached, grabbed him by the arm and plunged the knife into the chest area of the body.

Beach testified personally at trial, and his version of the occurrence differed widely from that related by the witnesses called by the Commonwealth. He stated that immediately before his involvement, Griffin and Collins engaged in an argument over the former's girl friend and a scuffle ensued between the two behind the service counter. Collins hit Griffin over the head with a potato chip rack, but, when Griffin picked up a knife, Beach jumped up from his seat in front of the counter, grabbed Griffin and shook the knife loose from his hand. In the meantime, Collins had picked up another knife so Beach then grabbed Collins and tried to take the knife away from him. While Beach was holding Collins and attempting "to spring the knife out of his hand," Griffin, who was still trying "to get to Collins" was stabbed "in the tussle."

The trial court refused a specific request to instruct the jury that if the killing of Griffin resulted from an accident, it was excusable homicide and Beach would be entitled to an acquittal. Under the circumstances, this was prejudicial error.

Despite the fact that the evidence presented by the Commonwealth was devoid of any testimony that would warrant a conclusion that the killing occurred through misadventure, if the testimony of Beach were believed by the jury, then such a conclusion would be warranted. The fact that Beach was not holding the knife at the time of the stabbing is not controlling.

If Beach, acting with a lawful purpose, attempted to knock the knife out of Collins' hand and in the process accidentally pushed or moved Collins' hand in such a manner that the knife in Collins' hand unintentionally plunged into Griffin's body causing his death, this would constitute homicide by misadventure.

Moreover, a reading of the charge in its entirety manifests prejudicial inadequacy. While the court correctly defined the law as it applies to murder generally, nowhere therein do we find any meaningful discussion of the issue raised by Beach's testimony, namely, that the stabbing was unintentional and it occurred while he was engaged in a lawful purpose. In a case where there is any evidence which might lead a jury to conclude that a killing occurred through legal misadventure, a charge as to the applicable law is essential. Cf. *Commonwealth v. Kluska,* 333 Pa. 65, 3 A. 2d 398 (1939), and *Commonwealth v. Flax,* 331 Pa. 145, 200 A. 632 (1938). Additionally, in charging a jury, it is the primary duty of the trial judge to clarify the issues so that the jury may understand the questions to be resolved. *Commonwealth v. Meas,* 415 Pa. 41, 202 A. 2d 74 (1964).

Judgment reversed and a new trial ordered.