Commonwealth, Appellant, v. Turra.

Argued January 19, 1971. Before JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*James D. Crawford,* Deputy District Attorney, with him *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellant.

*Stephen H. Serota,* for appellee.

OPINION BY MR. JUSTICE EAGEN, March 18, 1971:

This is an appeal by the Commonwealth from an order entered in the court below suppressing evidence of an oral incriminating admission, allegedly made by Rocco Turra, who is awaiting trial in Philadelphia on indictments charging him with murder and other related crimes.

The facts necessary to a disposition of the present appeal are not in dispute and may be summarized as follows:

Turra's trial was listed for November 16, 1970. In the course of a pretrial statement to the court, outlining the Commonwealth's case, the assistant district attorney disclosed that the Commonwealth intended to introduce the testimony of a witness to whom Turra had allegedly orally admitted that he participated in the killing upon which the prosecution was based. This was the first time the district attorney's office had

given any indication that such evidence was available, and counsel for Turra, expressing surprise at this new development, orally requested the court to order the Commonwealth to disclose pretrial the circumstances of the admission. Without the issue being resolved, the trial was continued until the next day.

On November 17th, at a pretrial conference in chambers, Turra's counsel renewed his motion of the preceding day. The motion was opposed by the Commonwealth, and the court desirous of further time to consider the issue, again delayed the beginning of the trial.

On November 18th, another pretrial conference developed during which extended argument occurred pro and con as to the right of Turra to pretrial discovery of evidence in the possession of the Commonwealth. Rule 310 of the Pennsylvania Rules of Criminal Procedure, and our decision in *Commonwealth v. Caplan*, 411 Pa. 563, 192 A. 2d 894 (1963) were discussed, and the trial judge indicated that, in the absence of a showing of exceptional circumstances, he could not order the discovery requested. Whereupon, counsel for Turra stated that he was seeking not only discovery, but sufficient knowledge of the circumstances of the incriminating admission so that a proper motion to suppress the evidence thereof might be prepared and filed. The court then directed the parties to apply themselves to the "area of the law which goes to suppression." Counsel for Turra then orally moved the court to suppress the evidence, and with that court adjourned for the day.

When court resumed on November 19th, the assistant district attorney urged the court to reject the motion to suppress for failure to comply with Rule 323 of the Pennsylvania Rules of Criminal Procedure. As an alternative, the assistant district attorney suggested that the trial begin and before the challenged evidence

was admitted, an offer of proof would be made outside the presence of the jury, at which time the court could decide if an evidentiary hearing were required to determine the admissibility of the evidence. He also informed the court that his unwillingness to reveal pretrial the circumstances of the admission was based on an informed belief that the health, welfare and lives of the witnesses involved would be endangered.

The court then directed that a hearing on the motion proceed and, when the Commonwealth refused to introduce any evidence as to the challenged admission, the motion to suppress was granted. This appeal immediately followed.

It is clear that the motion to suppress did not conform to the requirements of Rule 323(d) of the Pennsylvania Rules of Criminal Procedure,[1] and it was error for the court below to consider it or direct a hearing thereon.

But, Turra complains that it was and is impossible to comply with the above Rule because he lacks knowledge of any such admission as the Commonwealth alleges, and is without means of gaining such knowledge, unless the Commonwealth reveals the evidence in its possession concerning the admission. This then presents the crux of the case and the real question for decision, namely, does Turra have the right to pretrial discovery of the challenged evidence.

Traditionally, it has been held that in the absence of exceptional circumstances and compelling reasons, an individual accused of crime has no legal right to

---

[1] Rule 323(d) of the Pa. R. Crim. P. provides: "The application [to suppress] shall state specifically the evidence sought to be suppressed, the specific constitutional grounds rendering the evidence inadmissible, and shall state with particularity the facts and events in support thereof." See also, *Commonwealth v. Frye*, 433 Pa. 473, 252 A. 2d 580 (1969).

pretrial inspection and disclosure of any evidence in the possession of the Commonwealth. We so ruled in *Commonwealth v. Caplan,* supra.[2] And, the denial of such pretrial disclosure and inspection does not violate constitutional due process. *Cicenia v. Lagay,* 357 U.S. 504, 78 S. Ct. 1297 (1958).

However, since our decision in *Caplan,* supra, the Pennsylvania Rules of Criminal Procedure (effective January 1, 1965) have given the trial courts authority to order pretrial inspection of written confessions and written statements made by the defendant. See Pa. R. Crim. P. No. 310.[3] But, Rule 310 specifically proscribes pretrial disclosure and inspection of other evidence in the possession of the Commonwealth, including oral admissions, such as here involved, unless the defendant can show the existence of exceptional circumstances and compelling reasons why such should be permitted. Hence, herein Turra was not entitled to pretrial discovery of the challenged evidence in the absence of a showing of such exceptional circumstances and compelling reasons. And, under the circumstances, he was entitled, at most, to a hearing and opportunity to establish the existence

[2] The federal courts and some other jurisdictions, reasoning that disclosure rather than suppression of relevant material ordinarily promotes the better administration of justice, have taken a more liberal view. Cf. *Dennis v. United States,* 384 U.S. 855, 86 S. Ct. 1840 (1966); Federal Rule of Criminal Procedure 16; 69 Yale L. J. 1149; 6 Duquesne L. Rev. 41; and, cases annotated, 7 A.L.R. 3d 8. Cf. also, American Bar Association's Standards for Criminal Justice, Discovery and Procedure before Trial, §2.1(a) and (i) (1970).

[3] Rule 310 states: "The court may order the attorney for the Commonwealth to permit the defendant or his attorney and such persons as are necessary to assist him, to inspect and copy or photograph any written confessions and written statements made by the defendant. No other discovery or inspection shall be ordered except upon proof by the defendant, after hearing, of exceptional circumstances and compelling reasons."

of such exceptional circumstances and compelling reasons. The order of suppression must, therefore, be vacated.

However, because of the evident confusion during the proceedings below, plus the fact that if Turra is convicted of the murder involved his life may be forfeited, we deem it wise and fair to remand the record for the purpose of a hearing in the court below to allow Turra the opportunity of establishing, if he can, the existence of exceptional circumstances and compelling reasons which would justify the pretrial discovery he desires. Aside from this, Turra may file a timely motion to suppress which complies with the Rules of Criminal Procedure. If such a motion does not so comply, it should not be considered.

It is so ordered.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.