326 A.2d 324

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Dennis McDONALD, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 26, 1973.

Decided Oct. 16, 1974.

Robert X. Medonis, Pittsburgh, for appellant.

Robert W. Duggan, Dist. Atty., Robert L. Eberhardt, Asst. Dist. Atty., Louis R. Paulick, Asst. Dist. Atty., Pittsburgh, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

MANDERINO, Justice.

The appellant, Dennis McDonald, was convicted by a jury on September 22, 1972 of second degree murder. Post-verdict motions were denied and the appellant received a sentence of ten to twenty years imprisonment. This appeal followed.

■ Appellant first contends that the trial court erred in denying appellant's application to suppress evidence without complying with rule 323(i) of the Pennsylvania Rules of Criminal Procedure, 19 P.S. Appendix, which requires that findings of fact and conclusions of law be entered on the record. We need not consider the issue, however, since the evidence sought to be suppressed was a statement which was not introduced into evidence. If any error occurred, it was harmless. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). *Commonwealth v. Davis*, 452 Pa. 171, 305 A.2d 715 (1973).

Appellant's next two claims allege errors in the charge to the jury, but there were no specific objections to the alleged errors even though the trial court, after its charge and before the jury retired asked if counsel desired to call any matter to the court's attention. Rule 1119(b) of the Pennsylvania Rules of Criminal Procedure provides that "[n]o portions of the charge nor omissions therefrom may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate." Under that rule, the claims concerning the alleged errors in the charge are not reviewable. *See Commonwealth v. Watlington,* 452 Pa. 524, 306 A.2d 892 (1973). *See also Commonwealth v. Clair,* Pa., 326 A.2d 272 (filed October 16, 1974); *Dilliplaine v. Lehigh Valley Trust Co.,* Pa., 322 A.2d 114 (1974).

The last claim raised concerns the Act of May 11, 1911, P.L. 279 § 4, 12 P.S. § 1199. That Act provides for the filing of a transcript of the trial by the official stenographer and for the filing of objections if there is a claim that the filed transcript does not "comport with occurrences at the trial." That Act further provides:

> "If no objections be made, or when, after objection, the transcript shall have been so made to comport with the occurrences at the trial, said transcript shall be duly certified by the official stenographer and by the trial judge, shall be filed of record in the case, and shall be treated as official and part of said record for the purposes of review upon appeal, and shall be considered as prima facie accurate whenever thereafter offered in evidence in the same or any other proceeding, without the necessity of calling the stenographer as a witness to prove the same."

In this case, no objections were made to the transcript as filed by the official stenographer and, thus, under the above provision of the Act, the transcript as filed should have been certified by the official stenographer and by the trial judge as the official transcript. The trial

judge, however, qualified his certification by noting that he had made corrections in the transcript. Three notations were made in the transcript of the charge to the jury. In one sentence, the word "intended" appears. Immediately above that word, the trial judge wrote the word "attended." In another sentence, the word "all" appears. That word was lined out and, immediately above, the word "always" was written. In the same sentence the words "not unlike" appear. The word "not" and the first two letters, the "u" and the "n", of the word "unlike" were lined out. The words "not unlike" thus became the word "like."

█ Appellant makes no claim that the two sentences in the charge, with or without the trial judge's attempted corrections, were prejudicial to the appellant. The appellant, however, contends that any change in the official transcript by the trial judge, even though harmless, requires a reversal and the grant of a new trial. Appellant relies on *Commonwealth v. Kulik*, 420 Pa. 111, 216 A.2d 73 (1966), which said:

> "We feel confident that the trial judge's correction of the record was done in order to make the record consistent with the language he used in directing the jury. We are satisfied that the trial judge acted in complete good faith and with a desire to have the record correctly reflect the proceedings in the trial. This, however, goes only to the question of whether any harm was done to the appellant. We feel that regardless of whether appellant was prejudiced or not, the sanctity of the official stenographer's transcript of testimony is of such significance that we cannot allow even a non-prejudicial change of that transcript without following the procedures established by the Legislature. It is incumbent on this Court to establish and maintain the most stringent standards in this area."

*Id.* at 113, 216 A.2d at 74.

Since the *Kulik* decision, the rule of harmless error has been applied even when the error is one of constitutional dimensions. *Chapman v. California,* 386 U.S. 18, 87 S. Ct. 824, 17 L.Ed.2d 705 (1967), *Commonwealth v. Davis,* 452 Pa. 171, 305 A.2d 715 (1973), *Commonwealth v. Miller,* 429 Pa. 645, 241 A.2d 346 (1968). We now see no justification, after further consideration of our decision in *Kulik,* to not apply the rule of harmless error in circumstances where a trial judge attempts to correct a transcript without following the statutory procedure. We, thus, explicitly overrule that decision to the extent that it is inconsistent. *Cf. Commonwealth v. Young,* 456 Pa. 102, 317 A.2d 258 (1974).

The corrections of the trial judge in this case, whether accurate or not, involve no unfair prejudice to the appellant. The error is thus harmless.

Judgment of sentence affirmed.

EAGEN, O'BRIEN and POMEROY, JJ., concur in the result.

ROBERTS, J., filed a concurring opinion.

ROBERTS, Justice (concurring).

I join the Opinion of the Court only on the assumption that it is fully in accord with *Commonwealth v. Young,* 456 Pa. 102, 317 A.2d 258 (1974).

In *Young,* this Court granted the appellant a new trial because the record failed to show that the trial court fully and accurately delivered an instruction on reasonable doubt. En route to our holding, we were confronted with the statement in the trial court's filed, written opinion that a complete reasonable doubt charge had been given. Relying in part on *Commonwealth v. Kulik,* 420 Pa. 111, 216 A.2d 73 (1966), and the failure to comply with the Act of May 11, 1911, P.L. 279, § 4, 12 P.S. §

1199 (1953), we rejected this non-statutorily-authorized attempt to supplement the record. We stated:

"Consistent with our responsibility to view only the record facts, we cannot accept the assertions in the trial court's written opinion that any reasonable doubt instruction was given other than that which appears in the record."

456 Pa. at 115–116, 317 A.2d at 264–265.

And in *Young*, we were especially persuaded by the existence of prejudice.

"Young's case presents manifold prejudice: the omission of a highly significant element of the reasonable doubt charge resulted in a jury deciding appellant's guilt without any guidance on its responsibility to convict only if it found appellant guilty, as the Constitution requires, beyond a reasonable doubt."

456 Pa. at 114, 317 A.2d at 264. Here, however, appellant was in no way prejudiced by the three superficial changes made in the transcript.

As I see it, our instant decision simply holds that where a non-statutorily-authorized change is made in the record, and that change is harmless beyond a reasonable doubt, a defendant is on this basis not entitled to a new trial.