346 A.2d 746

**COMMONWEALTH of Pennsylvania**

v.

**Kenneth JACKSON, Appellant.**

Supreme Court of Pennsylvania.

Argued Nov. 27, 1973.

Decided Oct. 30, 1975.

---

F. Emmett Fitzpatrick, Jr., J. C. Meredith, Philadelphia, for appellant.

Louis A. Perez, Jr., Asst. Dist. Atty., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

The appellant, Kenneth Jackson, was charged with murder, aggravated robbery, and burglary, in connection with the killing of Gaetano Picirilli during the robbery of Picirilli's grocery store on March 7, 1969. The appellant's pretrial motion to suppress a statement given to the police was denied. A jury found appellant guilty of first degree murder, aggravated robbery, and burglary. Post-verdict motions were denied. Appellant received a life imprisonment sentence for the murder, a consecutive term of ten to twenty years for the aggravated robbery, and a consecutive twenty years probation for the burglary. This direct appeal followed.

On the evening of Friday, March 7, 1969, Picirilli was inside his grocery store in South Philadelphia, along with his employee, Willie Washington, when the appellant and Eugene Corbin, a co-defendant, entered and announced a hold-up. During the incident, Picirilli picked up a large knife and cut Corbin on the hand. Corbin in turn shot Picirilli once through the aorta, causing death almost immediately. The appellant and Corbin fled empty handed.

█ The appellant claims that the trial court erred in its refusal to charge the jury on the concept of killing by misadvanture. The appellant argues that the prosecution's evidence raised a strong presumption that Picirilli was killed accidentally. According to appellant, the clear implication of the evidence was that Corbin had the gun pointed at the decedent and that Picirilli caused the gun to discharge as a result of his knife thrust at Corbin. In support of his claim, the appellant cites *Commonwealth v. Beach*, 438 Pa. 37, 264 A.2d 712 (1970). In *Beach*, we held that the trial court erred in refusing to charge the jury on killing by misadventure. In *Beach*, however, the appellant was engaged in a lawful activity at the time of the killing. Such is not the case here. *Beach* is therefore clearly distinguishable from the present case. As argued by the prosecution, this case is governed by *Commonwealth v. Flax*, 331 Pa. 145, 200 A. 632 (1938), which defines the concept of killing by misadventure as follows:

"Homicide by misadventure (which is excusable) is the accidental killing of another, where the slayer is doing a lawful act, unaccompanied by any criminally careless or reckless conduct. 'Three elements enter into the defense of excusable homicide by misadventure: [1] The act resulting in death must be a lawful one; [2] It must be done with reasonable care and due regard for the lives and persons of others; and [3] the killing must be accidental and not intentional or without unlawful intent, or without evil design or intention on the part of the slayer. All these elements must concur and the absence of any one of them will involve in guilt. Even though the homicide is unintentional, it is not excusable where it is the result or incident of an unlawful act, such as pointing or presenting a gun, pistol or other firearm at another person in such a manner as to constitute an offense under the laws of the state, or unlawfully striking another with an intent to hurt, although not with an intent to kill, or

driving an automobile at an unlawful rate of speed.' " (citation omitted).

*Id.* at 156–57, 200 A. at 637–38.

In the instant case, the appellant was engaged in an unlawful act at the time of the killing. Consequently, the trial court correctly refused to charge the jury on killing by misadventure.

■ The appellant next claims that certain evidence admitted at trial was obtained as a result of an unlawful arrest and should not have been admitted at trial. The appellant argues that his warrantless arrest was without probable cause, or alternatively, that if probable cause existed, the police should have obtained an arrest warrant since no exigent circumstances were involved.

In his pretrial motion to suppress, the appellant never raised the issue of an unlawful arrest. Rule 323(d) of the Pennsylvania Rules of Criminal Procedure provides that the application to suppress must state the "specific constitutional grounds rendering the evidence inadmissible, and shall state with particularity the facts and events in support thereof." This issue is thus not properly before this Court. *See Commonwealth v. Turra*, 442 Pa. 192, 275 A.2d 96 (1971).

■ The appellant next argues that his confession was related to an unnecessary delay between his arrest and arraignment, and therefore was improperly admitted into evidence. This claim is based on Rule 118 (now Rule 130) of the Pennsylvania Rules of Criminal Procedure, *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972) and *Commonwealth v. Tingle*, 451 Pa. 241, 301 A.2d 701 (1973).

The prosecution argues that this issue has been waived because appellant failed to raise it in his post-verdict motions. We agree. The hearing on appellant's post-verdict motions was held on November 17, 1972, almost seven months after *Futch*, yet the issue of unnecessary de-

lay was not raised. Under these circumstances, the issue is not properly before us. *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).

Appellant's last claim is that his confession, and physical evidence obtained as the result of that confession, should have been suppressed because it was obtained through the use of psychological coercion. *Commonwealth v. Eiland*, 450 Pa. 566, 301 A.2d 651 (1973). This issue was raised in appellant's pre-trial suppression application and again in post-verdict motions.

In support of his contention that the confession was the product of psychological coercion, the appellant points to the thirteen hour delay between arrest and arraignment, the almost continuous questioning during an eight and one-half hour delay between arrest and appellant's first inculpatory statement, the lack of any consultation with friend, parent, or outsider of any kind, the administration of two, or perhaps three, lie detector tests, participation in questioning by several different police officers, and the appellant's youth and limited formal education.

We decline to decide the issue of psychological coercion on this appeal. Rule 323(i) of the Pennsylvania Rules of Criminal Procedure states:

"(i) At the conclusion of the [suppression] hearing, the judge shall enter on the record a statement of findings of fact and conclusions of law as to whether the evidence was obtained in violation of the defendant's constitutional rights, and shall make an order granting or denying the relief sought."

■■ At the conclusion of appellant's suppression hearing, the suppression court failed to follow the requirement of Rule 323(i). The record before us contains no findings of fact or conclusions of law, only a statement of the suppression court's conclusion that there was no coercion. Likewise, the opinion of the court en banc

denying post-verdict motions contains only a similar conclusion. This court does not in the first instance make findings of fact and conclusions of law. The duty of analyzing the subtle factors involved in deciding whether a confession was psychologically coerced is that of the trial court. We cannot say, after a reading of the suppression record before us, that as a matter of law there was clearly no psychological coercion. A compliance with Rule 323(i) would present this court with the detailed facts, accepted as truthful by the trial court, upon which its legal conclusions are based. We therefore insist on a full compliance with Rule 323(i).

This matter is therefore remanded for an evidentiary hearing at which the requirements of Rule 323(i) are met. If it is determined following such a hearing that the appellant's confession was a coerced confession, the judgment of sentence shall be vacated and a new trial granted. If, on the other hand, it is determined that the confession was not coerced, the judgment of sentence shall be affirmed. Following disposition by the trial court, either side shall be entitled to file a new appeal.

POMEROY, J., filed a dissenting opinion in which JONES, C. J., joined.

POMEROY, Justice (dissenting).

I must respectfully dissent from the Court's order remanding the instant case for an evidentiary hearing in order to effectuate literal compliance with Rule 323(i) of our Rules of Criminal Procedure.[1] The asserted non-compliance consists of the fact that the "record before us contains no findings of fact or conclusions of law, only a

1. Rule 323 provides as follows: "At the conclusion of the hearing [on the application to suppress evidence], the judge shall enter on the record a statement of findings of fact and conclusions of law as to whether the evidence was obtained in violation of the defendant's constitutional rights, and shall make an order granting or denying the relief sought."

statement of the suppression court's conclusion that there was no coercion." Opinion, *ante* at 748. In my view, the duplicative proceeding which the court orders is unnecessary and useless, wasteful of judicial time and energy, and without prospect of benefit to the appellant.

While it is true that the trial court made no detailed findings of fact, I do not find its ruling to have been so conclusory as to warrant a remand.[2] See *In re Geiger*, 454 Pa. 51, 54 n. 3, 309 A.2d 559, 561 n. 3 (1973). Moreover, any omission of the suppression hearing judge as to findings of fact was effectively supplied, as I read the record, by the opinion of the court en banc in support of its denial of post trial motions.[3] That court made the following findings, based on the trial evidence at which the defendant, taking the stand on his own behalf, had challenged the voluntariness of his confession:[4] "Instantly, the defendant was warned of his constitutional prerogatives, afforded all the amenities, including conferring with his mother while reading over the typed

2. The suppression hearing was held in two stages. The first portion of the hearing took place on September 23, 1970, at which the testimony of three police officers was taken. The second portion of the hearing was held on November 2, 1970, immediately prior to arraignment and selection of a jury. At this hearing the testimony of the arresting officer was heard. The defendant did not testify at either hearing and offered no evidence in support of the application to suppress. At the conclusion of the hearing the trial judge ruled as follows: "The Court finds nothing in the transactions as recited here that in themselves are coercive, or the passage of time in itself to be coercive, and from what the court can garner from witnesses that were offered here, there was nothing in itself or combined together which would have obliged the defendant to act other than according to his own will. Your motion to suppress is denied."

3. It is to be noted that the Honorable James T. McDermott, the suppression judge, was also the trial judge and as such a member of the court en banc.

4. The basic attack on the confession was that it was coerced by physical beatings inflicted by the police, not by psychological coercion as argued on this appeal. The jury was properly instructed as to the requirement of voluntariness, and that the statement should be "disregarded entirely" if the jury found it to be involuntary.

formal statement. * * * * [H]is confession was sufficiently an act of informed free will, free of any element of coerciveness due to his arrest. . . ." The existence of these findings, although in part pertaining to the related question as to whether appellant's confession was tainted by an illegal arrest, seems to me to render moot any deficiency in the suppression court record.

Finally, I must point out that appellant has not complained that the directions of Rule 323(i) were not observed by the suppression judge; this court is acting *sua sponte* in finding non-compliance. Cf. *Commonwealth v. McDonald*, 459 Pa. 17, 326 A.2d 324 (1974). While it is no doubt within our power so to do, there is no warrant for such action in this case, where the record is ample to allow us to determine whether it supports the trial court's conclusion that there was no coercion.

JONES, C. J., joins in this dissenting opinion.