369 A.2d 1207
**COMMONWEALTH of Pennsylvania**
v.
**Jeffrie CARR, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 18, 1977.

Decided Feb. 28, 1977.

Edward G. Rendell, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Maxine J. Stotland, Philadelphia, for appellee.

Before EAGEN, O'BRIEN, ROBERTS, NIX and MANDERINO, JJ.

OPINION OF THE COURT

NIX, Justice.

Appellant Jeffrie Carr was tried by a jury in the Court of Common Pleas, Philadelphia County and convicted of murder of the first degree, criminal conspiracy and possession of an instrument of crime in the shooting death of a 15-year-old youth. Following the denial of posttrial motions, Carr received a life sentence on the murder indictment and suspended sentences on the remaining charges. Appellant appealed only the murder conviction to this Court and we now affirm.[1]

Appellant argues that his incriminating statements made to the police during custodial interrogation should not have been introduced at trial as evidence against him because at the time of the questioning he was age 17 and was not afforded the opportunity to consult with counsel or another interested and informed adult prior to surrendering his constitutional rights. *See Commonwealth v. Starkes*, 461 Pa. 178, 335 A.2d 698 (1975); *Commonwealth v. Roane*, 459 Pa. 389, 329 A.2d 286 (1974). The Commonwealth first attempts to counter this contention by asserting that the appellant had deliberately misrepresented to the police that his age was over 18. It is urged that this attempt to deceive should now preclude appellant from raising any claim based upon his minority at the time of his arrest. Our concern relating to the circumstances surrounding the waiver of Miranda rights[2] by one under 18 years of age was inspired by a recognition that the juvenile's immaturity rendered him uniquely vulnerable to the pressures of a

1. Jurisdiction of the appeal is pursuant to the Appellate Court Jurisdiction Act. Act of July 31, 1970, P.L. 673, No. 223, art. II, § 202(1), 17 P.S. § 211.202(1).

2. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

police custodial atmosphere. As noted by the United States Supreme Court:

> We conclude that the constitutional privilege against self-incrimination is applicable in the case of juveniles as it is with respect to adults. We appreciate that special problems may arise with respect to waiver of the privilege by or on behalf of children, and that there may well be some differences in technique—but not in principle—depending upon the age of the child and the presence and competence of parents. The participation of counsel will, of course, assist the police, Juvenile Courts and appellate tribunals in administering the privilege. If counsel was not present for some permissible reason when an admission was obtained, the greatest care must be taken to assure that the admission was voluntary, in the sense not only that it was not coerced or suggested, but also that it was not the product of ignorance of rights or of adolescent fantasy, fright or despair.

*In re Gault*, 387 U.S. 1, 55, 87 S.Ct. 1428, 1458, 18 L. Ed.2d 527 (1967). (footnote omitted)

Carr's ill-conceived attempt to deceive police officials as to his true age only accentuates the immaturity of his judgment and stresses the need for additional protection. To allow his attempted deception to foreclose a careful scrutiny of the circumstances surrounding his alleged waiver would require us to ignore the very underpinnings of the principle.

■■ Secondly, the Commonwealth argues that we should find a waiver of the instant claim because the issue was not specifically raised at the suppression hearing or during post-trial motions. Since it is clear from the record that this contention was not offered during the post-trial proceedings, we need not consider whether it was properly raised at the suppression stage. This Court has repeatedly stated that the grounds for challenging the admissibility of a statement must be present-

ed on post-verdict motions if the issue is to be preserved for appellate review. *Commonwealth v. Jackson*, 464 Pa. 292, 346 A.2d 746 (1975); *Commonwealth v. Bronaugh*, 459 Pa. 634, 331 A.2d 171 (1975); *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974). Accordingly, this claim has been waived.

■■ It is also alleged that the trial court erred in denying appellant's request to be tried without a jury. Again, the record indicates that appellant did not pursue this argument on post-trial motions and therefore, it will not be considered for the first time on appeal. *Commonwealth v. Ash*, 461 Pa. 670, 337 A.2d 821 (1975); *Commonwealth v. Bronaugh, supra.*[3]

Judgment of sentence affirmed.

JONES, C. J., and POMEROY, J., did not participate in the consideration or decision of this case.

ROBERTS, J., filed a concurring opinion.

ROBERTS, Justice (concurring).

Appellant contends that his incriminating statements made to the police during custodial interrogation were inadmissible because he was not afforded the opportunity to consult with counsel or an interested and informed adult before waiving his constitutional rights. E. g. *Commonwealth v. Chaney*, 465 Pa. 400, 350 A.2d 829 (1975). However, appellant did not raise this contention in post-trial motions and has therefore failed to preserve this issue for appellate review. E. g. *Commonwealth v. Bronaugh*, 459 Pa. 634, 331 A.2d 171 (1975) and cases

---

3. Although appellant raised the question of the sufficiency of the evidence during post-verdict motions, he did not pursue that issue in his brief or argument before this Court. In view of the finding of murder of the first degree, we have nevertheless reviewed the trial record and are satisfied that the evidence introduced was sufficient to support the verdict. *See* Act of February 15, 1870, P.L. 15, § 2, 19 P.S. § 1187.

cited therein. Since appellant did not preserve this issue, it is unnecessary to decide the effect, if any, of appellant misrepresentation to the police that he was over eighteen years of age.