419 A.2d 795

COMMONWEALTH of Pennsylvania

v.

**Joseph F. MARTIN, III, Appellant.**

Superior Court of Pennsylvania.

Argued June 14, 1979.

Decided April 25, 1980.

William R. Wheatly, Lancaster, for appellant.

Edward F. Browne, Assistant District Attorney, Lancaster, for Commonwealth, appellee.

Before SPAETH, STRANAHAN and SUGERMAN, JJ.*

STRANAHAN, Judge:

On November 8, 1976, the appellant was arrested by the police and charged with three violations of the Controlled Substance, Drug, Device and Cosmetic Act,[1] Gambling, Pool Selling, Lottery and Former Convict Not to Carry a Firearm.

On March 30, 1977, appellant was tried on the three counts of violation of the Controlled Substance Act and found guilty of each offense.

* President Judge JOHN Q. STRANAHAN of the Court of Common Pleas of Mercer County, Pennsylvania, and Judge LEONARD SUGERMAN of the Court of Common Pleas of Chester County, are sitting by designation.

1.  1972 April 14, P.L. 233, No. 64, sec. 1 et seq; 35 P.S. 780–101 et seq.

Before trial, defendant made an Application to Suppress Evidence,[2] an Application for Discovery and Inspection,[3] and a Request for a Bill of Particulars.[4] A conference was held in chambers immediately prior to trial in order to dispose of appellant's pre–trial applications. After a discussion, the trial judge determined that the three violations of the Controlled Substance Act should be severed from the other charges and the trial should proceed on said drug charges.

No disposition was made of appellant's pre–trial applications although the trial judge in his opinion, indicates that it was believed that the evidence pertaining to those applications had no connection with the marijuana charges and that no evidence resulting from the appellant's arrest or search of his premises would be introduced by the Commonwealth during trial of the marijuana charges.[5]

The charges against the appellant arose out of three separate occasions when the appellant allegedly sold marijuana to Barry L. Knauer, who was working under the direction of Trooper Gates of the Pennsylvania State Police.

The appellant has raised four issues on appeal, three of which have little or no merit, but one issue concerning the admission of a statement by the defendant is of concern.

## I. WAS IT ERROR TO ADMIT DEFENDANT'S STATE-MENT?

The defendant took the witness stand and was asked on cross examination whether or not he ever made any statements to the police regarding the drug charges. To this question he said no. The Commonwealth called Trooper Gates on rebuttal and he testified that when the defendant

2. Pa.R.Crim.P. 304.

3. Pa.R.Crim.P. 310.

4. Pa.R.Crim.P. 221.

5. Unfortunately no record was made of the pre–trial meeting in chambers but it does not appear that appellant agreed to withdraw his applications as far as they related to the severed drug charges. No pre–trial order was made under Pa.R.Crim.P. 311(c).

was arrested he stated that he only sold the marijuana to Barry Knauer as a favor to him (Knauer) and that he (the defendant) was mad because Knauer was trying to ruin his business.

Appellant's counsel contends that he had no knowledge that the Commonwealth would seek to introduce an alleged statement by appellant that he sold the drugs. The District Attorney had not indicated in the Judge's chambers that he would seek to introduce an alleged statement by appellant obtained after his arrest and after the search of the premises involved.

The trial judge did not interrupt the trial in order to conduct a hearing on appellant's applications upon which no disposition had been made, but chose to admit the testimony.

The fact that the testimony was relevant to impeach defendant's credibility as well as an admission by the defendant is of no importance because either way it is subject to the constitutional requirements governing admissibility. *Commonwealth v. Triplett,* 462 Pa. 244, 341 A.2d 62 (1975).

The lower court, in its opinion, holds that the Application for Suppression did not conform with Rule 323(d) of the Pa.R.Crim.P.[6]

Therefore, the lower court concludes that the defendant waived his rights to challenge the admissibility of the statement.[7] *Commonwealth v. Turra,* 442 Pa. 192, 275 A.2d 96 (1971).

It is true that the defendant's Application to Suppress is aimed at the search and seizure and alleges various defects

6. The application shall state specifically the evidence sought to be suppressed, the specific constitutional grounds rendering the evidence inadmissible, and shall state with particularity the facts and events in support thereof.

7. The lower court states in its opinion (pg. 5): "It is thus clear that the defendant's suppression motion was aimed only at physical evidence acquired by a search of his premises and person. The six paragraphs of his application refer only to a search. It is only in his prayer that any reference to a search is made, and it is clear that this prayer is simply a blanket request to have anything and everything suppressed.

in the form and service of the search warrants as well as an allegation of lack of probable cause in the affidavits for the issuance of the warrants. The Application for Suppression then concludes with a prayer asking the court to suppress the physical evidence and *also asking that "all statements and admissions, both oral and written which were made as a result of the said illegal search and seizure .... be suppressed.* (Emphasis added)

■ An Application to Suppress can be aimed directly at the suppression of statements by the defendant but it also may seek suppression of an illegal search and seizure and any evidence that the Commonwealth obtained as a result of the improper search and seizure. *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1965); *Commonwealth v. Whitaker,* 461 Pa. 407, 336 A.2d 603 (1975).

■ Admittedly the Application to Suppress does not allege facts that would support the suppression of a statement by the defendant unless the court would find that the search and seizure was improper and that the defendant's statement was a "fruit of the poisoned tree." *Wong Sun v. United States,* supra. Allegations in the Application to Suppress are sufficient to support this theory.[8]

We also note that no hearing or disposition was ever made of the Applications for Discovery and Inspection[9] and the Bill of Particulars[10] but appellant does not contend in his argument that this prejudiced his case.

We believe that the proper way to handle this matter is to remand this case to the lower court with the direction that it hold an evidentiary hearing and make findings of fact on the record in order to determine whether or not the appellant's statement should have been admitted.

8. Since there was no record made, it is impossible to determine if the statement was related to the search and seizure.

9. Pa.R.Crim.P. 310.

10. Pa.R.Crim.P. 304.

If the court finds that the statement should not have been admitted, we direct the lower court to grant a new trial. If the court finds that it should have been admitted, then we affirm the sentence of the lower court, with the appellant's right of subsequent appeal limited to the suppression issue as determined by the evidentiary hearing.

## II. OTHER ISSUES

The other issues raised by the appellant merit some discussion.

■ Appellant argues that the Commonwealth failed to prove that the marijuana was Cannabis sativa L as distinguished from other species of Cannabis. Appellant argues, "there are groups within the scientific community who believe that there are other species within the genus Cannabis other than sativa L." [11]

The Commonwealth's experts testified that the substance they analyzed was marijuana and that it was known as Cannabis sativa L. Both testified that in their opinion the only species of marijuana was Cannabis sativa L. Appellant offered no testimony on this point.

The appellant's position has already been laid to rest in *United States v. King*, 484 F.2d 353 (10th Cir. 1973); *United States v. Rothberg*, 480 F.2d 534 (2nd Cir. 1973); *United States v. Moore*, 446 F.2d 448 (3rd Cir. 1971); *United States v. Walton*, 514 F.2d 201 (D. C. Cir. 1975); *Leary v. United States*, 395 U.S. 6, 50, 89 S.Ct. 1532, 1555, 23 L.Ed.2d 57 (1969).

■ Next, appellant contends that the trial judge committed error in admitting physical evidence without requiring the Commonwealth to establish a chain of custody. The evidence involved was the marijuana which the Commonwealth showed was transported to the crime lab but no person was identified by name as receiving it. It was analyzed by two chemists and subsequently returned to the state police. Again, no person was identified as having

11. 1972, April 14, P.L. 233, No. 64, sec. 2; 35 P.S. 780–102.

control over it at the lab or being the person who returned it. Finally, it was put in the police evidence locker and subsequently produced at trial. The experts from the crime lab testified they got the marijuana from a locker at the lab, performed the test, and returned it to the lab locker.

While the handling of the evidence may leave something to be desired, we believe the chain is sufficient. In *Commonwealth v. Miller*, 234 Pa.Super. 146, 155, 339 A.2d 573, 578 (1975), the court states:

> There is no requirement that the Commonwealth establish the sanctity of its exhibits beyond all moral certainty. It is sufficient that the evidence, direct and circumstantial, establish a reasonable inference that the identity and condition of the exhibits remain unimpaired until they were surrendered to the court.

See also, *Commonwealth v. Jenkins*, 231 Pa.Super. 266, 332 A.2d 490 (1974); *Commonwealth v. Ford*, 451 Pa. 81, 301 A.2d 856 (1973).

■ Finally, the appellant argues that the trial court committed error in permitting the witness Knauer to retestify in violation of the court's sequestration order.

The witness Knauer testified and after concluding his testimony, he remained in the courtroom. Subsequently, he was recalled and testified as to the location of the defendant and the location of the marijuana at the time of the transaction. The subsequent testimony did not alter his original testimony but simply clarified it.

This is a matter of discretion for the trial court to handle. *Commonwealth v. Smith*, 464 Pa. 314, 346 A.2d 757 (1975). We find no abuse of discretion on the part of the trial court.

We conclude that we must remand this matter to the lower court for an evidentiary hearing and disposition of the appellant's Application for Suppression, in accordance with this opinion.

The other contentions of the appellant are without merit and we affirm the lower court in its disposition of these matters.