466 A.2d 1030

**COMMONWEALTH of Pennsylvania,**

v.

**Jeffrey CARR, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 10, 1981.

Filed Aug. 26, 1983.

Reargument En Banc Denied
Nov. 8, 1983.

Petition for Allowance of Appeal Granted April 3, 1984.

1

2

See also 471 Pa. 86, 369 A.2d 1207.

Marilyn Young, Philadelphia, for appellant.

Alan Sacks, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, McEWEN and CIRILLO, JJ.

CIRILLO, Judge:

Appellant, Jeffrey Carr, appeals from the denial by the lower court of his petition for post conviction relief pursuant to the Post Conviction Hearing Act (PCHA).[1] In his petition, filed by appointed counsel, appellant alleges inef-

1. Pa.R.Crim.P., Rule 1501, 19 P.S. § 1180–1, et seq.

fective assistance of both trial and appellate counsel[2] because of the introduction of his confession into evidence[3] at trial. Counsel, who represented appellant at the PCHA hearing and who, also, represents him on this appeal, did not represent appellant at trial or on appeal from appellant's conviction of first degree murder.

Appellant was indicted for murder,[4] voluntary manslaughter,[5] involuntary manslaughter,[6] criminal conspiracy,[7] and possession of an instrument of crime.[8] These charges stemmed from the following events. During the evening of November 23, 1974, appellant, then seventeen years old, engaged in two fistfights with the decedent, Calvin Dantzler, fifteen years old. Shortly after the second fight, appellant encountered the victim again and shot him. The police arrested the appellant on November 24, 1974. He was taken to police headquarters, given *Miranda* warnings, agreed to give a statement to the police; and, pursuant to a police officer's questions, he admitted fighting with the victim and shooting at the victim's legs.

On March 27, 1975, appellant filed a motion to suppress this statement. This motion was denied on April 1, 1975. On May 1, 1975, a jury trial commenced, and the appellant was found guilty of first degree murder, criminal conspiracy and possession of an instrument of crime. Motions for new trial and in arrest of judgment, alleging insufficiency of the evidence, were filed and denied on October 7, 1975.

2. Trial and appellate counsel are different attorneys.

3. Other issues were raised, but not discussed because we grant a new trial.

4. Act of March 26, 1974, P.L. 213, No. 46, § 4, *as amended,* Act of April 28, 1978, P.L. 84, No. 39, § 1, 18 Pa.C.S.A. § 2502.

5. Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S.A. § 2503.

6. *Id.,* 18 Pa.C.S.A. § 2504.

7. *Id.,* 18 Pa.C.S.A. § 903.

8. *Id.,* 18 Pa.C.S.A. § 907.

Appellant was sentenced to life imprisonment on the murder conviction.

Appellate counsel appealed the conviction to the Supreme Court of Pennsylvania. Appellate counsel raised the issue that:

[A]ppellant's incriminating statements made to the police during custodial interrogation should not have been introduced at trial as evidence against him because at the time of the questioning he was age seventeen and was not afforded the opportunity to consult with counsel or another interested and informed adult prior to surrendering his constitutional rights.

*Commonwealth v. Carr,* 471 Pa. 86, 88, 369 A.2d 1207, 1208 (1977). The issue was deemed waived by the Supreme Court of Pennsylvania because it was not raised in appellant's post-trial motions or during post-trial proceedings. Likewise, from our review of the record, this particular issue was not raised at the suppression hearing. There existed a question as to appellant's actual age at the time of arrest. At one point during appellant's interrogation, he indicated that he was eighteen years of age.

■ Appellant alleges the ineffectiveness of trial counsel at the suppression hearing, at trial, and in post-trial proceedings for not moving for the suppression of his statement based on the absence of a parent or an interested adult at the interrogation; and, he alleges the ineffectiveness of appellate counsel for not placing before the appellate court the ineffectiveness of trial counsel in not raising the above issue.

Ineffectiveness of prior counsel must be raised at the earliest stage in proceedings at which counsel whose ineffectiveness is being challenged no longer represents the accused.

*Commonwealth v. Hubbard,* 472 Pa. 259, 276–77, 372 A.2d 687, 695 (1977) (FN eight); citing *Commonwealth v. Twiggs,* 460 Pa. 105, 331 A.2d 440 (1975), *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975).

Since appellate counsel did not raise trial counsel's ineffectiveness, and trial counsel did not raise his own alleged ineffectiveness, the issue is properly before us on this appeal.

The case of *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967), discussed at length the basis of our inquiry and the methods of evaluation for allegations of ineffective assistance of counsel.

> Our task in cases of this nature therefore encompasses both an independent review of the record (citations omitted), and an examination of counsel's stewardship of the now challenged proceedings in light of the available alternatives. Since our test requires that we examine the approach employed by trial counsel in light of the available alternatives, a finding of ineffectiveness could never be made unless we concluded that the alternatives not chosen offered a potential for success substantially greater than the tactics actually utilized. Obviously, then, if there is no reasonable basis to support trial counsel's decisions (a finding prerequisite to a conclusion of ineffectiveness), his decisions were a fortiori prejudicial to the client.

*Id.*, 427 Pa. at 605 fn. 8, 235 A.2d at 353 fn. 8.

> We stress that each case requires a resolution by examination of the alternatives available to trial counsel balanced against the course chosen.

*Id.*, 427 Pa. at 613, 235 A.2d at 357.

At the suppression hearing, trial counsel challenged on the witness stand the police officer who took the appellant's statement as to whether the appellant knew of the charges against him, whether only one officer was present at appellant's questioning, and whether appellant was under the influence of drugs or alcohol. As stated earlier, trial counsel did not argue at the suppression hearing, at trial, or in post-trial motions the absence of a parent's or interested adult's consent to the appellant's waiver of his constitutional rights because the appellant was seventeen at the time of the arrest. At the PCHA hearing, on cross-examination by

PCHA counsel, trial counsel was asked whether he verified the age of appellant. He stated that he did not pursue verification of appellant's age, and that he did not think that it mattered whether appellant was six, seven, eight months or a year younger than eighteen years of age. PCHA counsel asked trial counsel why he did not raise the age of appellant as an issue in the post-trial motions. Trial counsel answered that he did not remember the post-trial motions. Also, during the PCHA hearing, appellate counsel, although not present, stipulated in writing, that he had no tactical reason for his failure to raise trial counsel's ineffectiveness for failure to raise the issue that appellant was a juvenile at the time of the arrest and at the time when the statement was given.

> Counsel's stewardship must be examined by the standards as they existed at the time of counsel's action, and counsel will not be deemed ineffective for failing to predict future developments in the law at the time he decided on a course of action. *Commonwealth v. Triplett*, 476 Pa. 83, 89–90, 381 A.2d 877, 881 (1977); citing, *Commonwealth v. Hill*, 450 Pa. 477, 480, 301 A.2d 587, 590, *Commonwealth v. Alvarado*, 442 Pa. 516, 518, 276 A.2d 526, 527 (1971).

At the crux of the appellant's argument in this appeal is the "interested adult rule" adopted in *Commonwealth v. McCutchen*, 463 Pa. 90, 343 A.2d 669, *cert. denied*, 424 U.S. 934, 96 S.Ct. 1147, 47 L.Ed.2d 341 (1975). Known as the *McCutchen* rule, this doctrine provides that an accused under 18 years of age may not effectively waive his constitutional rights against self incrimination and the right to counsel without being provided an opportunity to consult with an attorney or an adult, interested in the welfare of the juvenile suspect.[9] *See: Commonwealth v.*

---

**9.** The Pennsylvania Supreme Court has recently reinforced the holding of *McCutchen* and subsequent cases regarding the "interested adult rule." In *Commonwealth v. Henderson*, 496 Pa. 349, 437 A.2d 387 (1981), the Court held that the United States Supreme Court interpretation of the federal constitution could not disturb the force of the Commonwealth's interested adult rule which, as a matter of Pennsyl-

*McCutchen, supra;* also: *Commonwealth v. Hernandez,* 498 Pa. 405, 446 A.2d 1268 (1982); *Commonwealth v. Barry Smith,* 472 Pa. 492, 372 A.2d 797 (1977). The heart of the *McCutchen* rule is the concern that the immaturity of a minor defendant requires its added protection. *Commonwealth v. Hernandez, supra; Commonwealth v. Barry Smith, supra.*

The appellant's mother arrived at police headquarters within an hour of the appellant's arrest, was informed about the interrogation which was taking place, but was never told that she could enter the interrogation room where the appellant was detained. A police officer questioned her about the appellant's age, that is, whether the appellant was seventeen or eighteen years old. The appellant's mother verified the appellant's age as seventeen by showing his birth certificate to the police a short time after his arrest. Approximately two and one-half hours after the appellant's arrest and interrogation his mother was permitted to speak with him.

 The *McCutchen* case was not decided until July 7, 1975, almost two months after this present matter was tried. Therefore, counsel could not be held ineffective for failing to seek suppression of appellant's statement on *McCutchen* grounds before the *McCutchen* rule was adopted. *Commonwealth v. Ray,* 483 Pa. 377, 396 A.2d 1218 (1979). However, the *McCutchen* rule was in effect before a decision was rendered on the post-verdict motions. In *Commonwealth v. Chaney,* 465 Pa. 407, 409, 350 A.2d 829, 830 (1975), the Supreme Court stated:

> While appellant's arrest, confession and trial took place before our decisions concerning a juvenile's waiver of his *Miranda* rights, he is nevertheless entitled to the benefit of those decisions since he was on direct appeal at the

vania law, effects that police, seeking to subject juvenile suspects to custodial interrogation, are first required to provide the juvenile with the opportunity to consult with an adult interested in the juvenile's welfare.

time of our *McCutchen* decisions. See *Commonwealth v. Little*, 432 Pa. 256, 248 A.2d 32 (1968).

See also: *Commonwealth v. Barnes*, 482 Pa. 555, 394 A.2d 461 (1978).

Further, the Court in *Commonwealth v. Hernandez*, 498 Pa. at 411, 446 A.2d at 1271, articulated the following:

> Moreover, the *Barnes* and *Chaney* decisions providing for the retroactive application of *McCutchen* to then pending cases can in no way be construed as allowing new issues to be introduced which were not then under consideration in those proceedings. The retroactive application of *McCutchen* represented the implicit acceptance of the view that fairness dictated the applicability of the newly announced principle to all similarly situated litigants. *Commonwealth v. Hill*, 492 Pa. 100, 111, 422 A.2d 491, 497 (1980) (Opinion in Support of Reversal, Roberts, J.); *Commonwealth v. Cain*, 471 Pa. 140, 167, 369 A.2d 1234, 1248 (1977) (Opinion in Support of Affirmance, Pomeroy, J.). In such an instance it is fair to conclude that all of those litigants were in the same situation and the outcome of their lawsuit should not depend on a race to the courthouse. However, a different situation obtains where one has seen fit to raise the objection and another has not.

In the present matter, trial counsel did not raise the interested adult rule on post-trial motions. Accordingly, we hold that trial counsel was ineffective for failing to raise the narrow exclusionary rule adopted in *McCutchen* and reiterated in *Henderson*. Additionally, appellate counsel was ineffective for failing to raise on appeal the issue of trial counsel's ineffectiveness in this regard. Therefore, we reverse and remand for a new trial.

JURISDICTION IS RELINQUISHED.

McEWEN, J., files a concurring opinion.

McEWEN, Judge, concurring:

I am obliged under the *McCutchen* Rule—the interested adult rule—pronounced by the Pennsylvania Supreme Court

10

in *Commonwealth v. McCutchen,* 463 Pa. 90, 343 A.2d 669, *cert. denied,* 424 U.S. 934, 96 S.Ct. 1147, 47 L.Ed.2d 341 (1975), to join in the very able majority Opinion but am nonetheless dismayed that we may not consider the totality of the circumstances in such cases and must instead employ a narrow, rigid per se rule of exclusion. *Commonwealth v. Henderson,* 496 Pa. 349, 437 A.2d 387 (1981). The United States Supreme Court has made clear that the federal constitution does not mandate so unyielding a requirement as the *McCutchen* Rule. *See Fare v. Michael C.,* 442 U.S. 707, 99 S.Ct. 2560, 61 L.Ed.2d 197 (1979). So rigorous an approach seems, in a word, unreasonable. Our society is far better served—while still adequately protected from the intrusion of government—by a criminal justice system that achieves the goal of fairness. Thus, while the citizens of this Commonwealth would be far better served by application of the totality of circumstances rule in such cases as we here examine, this court has no alternative but to comply with the edict of our Supreme Court in *McCutchen, supra.*