Commonwealth *v.* Cooper, Appellant.

Submitted March 19, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John W. Packel,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*Douglas B. Richardson, Mark Sendrow, David Richman,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAETH, J., September 23, 1974:

Appellant was tried and convicted by a jury of aggravated robbery. On this appeal he argues that the judgment of sentence should be reversed because a prior consistent statement of a key Commonwealth witness

was improperly admitted, and because his counsel was not given adequate time to prepare closing argument. We reject both arguments and affirm.

## I.

On direct examination, Hazel Fisher, a prosecution witness, testified that appellant planned the robbery, that his brother executed the robbery, and that the proceeds were divided among appellant, his brother and herself. During cross-examination of Ms. Fisher by appellant's counsel the following exchange occurred: Q. Tell me something: How long after [the robbery] were you arrested? A. Three days. . . . Q. Were you subsequently charged with this offense, the robbery? A. Yes, sir. Q. Were you tried on the case? A. Yes, sir. Q. What happened? A. I had a pre-sentence investigation. Q. Were you tried or did you plead guilty or what? A. Yes, sir; I pleaded guilty. Q. You pled guilty to the charge? A. Right. Q. Have you been sentenced yet? A. No, sir. Q. As a matter of fact, before the sentence is made, you are supposed to testify in this case. Wasn't that part of the deal? A. No, it wasn't exactly a deal. Q. Didn't they tell you it would go a lot easier if you testified against [appellant]? A. They said it may or may not help me when I got sentenced. Q. But they told you that before you pleaded guilty, didn't they. A. No. Q. They did not? A. No. Q. You mean you pleaded guilty first and they said well, if you testify it may go easier for you? A. Well, my lawyer had said that would I be willing to testify and I said, "Yeah." Then after I pleaded guilty, then he told me that it may or may not help. Q. If you testify against [appellant] it might go easier for you, right? A. No. He said it may or may not.

In an effort to counter this testimony the district attorney on redirect examination asked Ms.

Fisher whether any promises had been made concerning her sentence and she replied that none had. She also said that at the time of her arrest she had made a statement. Over the objection of appellant's counsel, the district attorney introduced this statement into evidence; it was consistent with her trial testimony implicating appellant in the robbery.

In *Commonwealth v. Wilson*, 394 Pa. 588, 602-03, 148 A. 2d 234, 242 (1959), the court said: "As a general rule a statement made by a witness at one time, while admissible to contradict him, is not competent to corroborate or substantiate his present testimony. Were it not otherwise, the door might be opened to the fabrication of evidence. However, there are certain well-recognized exceptions to this general rule: prior declarations of a witness, which are consistent with his present testimony, may be admissible to corroborate his present testimony if it be alleged that the witness' present testimony is recently fabricated, or if it be claimed that the witness is testifying from corrupt motives." The prior declaration must have been made before its " 'ultimate effect on the question trying could have been foreseen,' " *Risbon v. Cottom*, 387 Pa. 155, 163, 127 A. 2d 101, 105 (1956), or before the asserted corrupt motive existed, McCormick, Handbook on the Law of Evid., §49, at 105 (2d ed. 1972).

In this case the cross-examination constituted a sufficient attack upon Ms. Fisher's credibility to warrant the introduction of her prior consistent statement. *Commonwealth v. Vento*, 410 Pa. 350, 189 A. 2d 161 (1963) ; *Keefer v. Byers*, 398 Pa. 447, 159 A. 2d 477 (1960). *See also State v. Scott*, 210 Kan. 426, 502 P. 2d 753 (1972) ("Impeachment occurs when a suggestion is made . . . by the nature of the examination that a witness has testified falsely for hope of reward, promise of immunity, fear or malice."). The statement introduced by the Commonwealth was made by Ms.

Fisher at a time before the motive suggested by the defense, *i.e.*, the hope or promise of a lighter sentence, existed. *See Commonwealth v. Pickles*, 73 AS 1557, 305 N.E. 2d 107 (Mass., 1973) (suggestion of deal permits admission of consistent statements made before witness talked to prosecutor). It may be argued that Ms. Fisher might have foreseen even at the time of her arrest that she might receive lenient treatment if she implicated others and then testified against them. Were that so, the statement she made at the time of her arrest could not be said to have been untainted by a corrupt motive. The defense, however, as indicated by counsel's questions, did not proceed on this theory.

## II.

All of the testimony was introduced on Tuesday, November 21, 1972. The Commonwealth presented three witnesses: the victim, Ms. Fisher and the detective who recorded Ms. Fisher's statement. The defense presented appellant's brother, who admitted his involvement in the robbery but denied that appellant had anything to do with it. The testimony took two and one-half hours and concluded at 3:25 P.M. The trial judge then ordered counsel to present their closing arguments to the jury. He stated that he wanted to begin the next morning with the charge so as to permit the jury to begin deliberations early in the day. He noted: "Counsel must realize that tomorrow is the day before Thanksgiving and the afternoon before Thanksgiving and I do not want the jury to hurry their decision simply because of the fact that they want to get home." Appellant's counsel objected, saying he was not prepared to present an argument that would put the inconsistencies in the testimony and prior statements of the Commonwealth's witnesses in proper sequence. The judge overruled the objection and directed counsel to present his argument at once.

The time when closing argument will be presented is a matter for the sound discretion of the trial judge. *Commonwealth v. Buccieri,* 153 Pa. 535, 26 A. 228 (1893) ; *Stewart v. Commonwealth,* 117 Pa. 378, 11 A. 370 (1887). In the exercise of this discretion it is the "better practice to afford counsel some time between the end of trial and the commencement of arguments within which to gather his thoughts." *United States v. Dawson,* 467 F. 2d 668, 675 (8th Cir. 1972). Here it was not so late in the day that the judge might not have declared a recess of perhaps fifteen or twenty minutes to permit counsel to prepare argument. Counsel, however, made no request for such a brief recess, contenting himself with saying he was not prepared to argue.[1] There was not a great deal of testimony to review. The verdict clearly was going to depend on whether the jury believed Ms. Fisher or appellant's brother. The arguments were transcribed, and it is apparent from the record that appellant's counsel was able to emphasize the pivotal role of the witnesses' credibility by pointing out disparities between Ms. Fisher's

---

[1] Appellant's counsel has stated in his brief to us that trial counsel was not prepared to argue because he had been "informed by the court in the morning that the case would be concluded that day, and that closing arguments would be given the following morning." The same argument was made below in support of the motion for new trial. In response, however, the trial judge said he had not so informed counsel but had instead "said to both counsel that they should be prepared to make the summations at the conclusion of the taking of testimony if we finish early enough in the day." In this connection, during the argument below the assistant district attorney observed (correctly) that when objecting to proceeding with argument, trial counsel had given "certain reasons. . . . He never mentioned the fact that he had been misinformed, that statement that we are not going to argue that today was never made." It is to be regretted that on this record appellant's counsel now argues that we should in effect discredit the trial judge's recollection of what was said.

testimony at trial and her prior statement, and between her testimony and testimony offered by the victim. Finally, we cannot overlook the fact that the judge in refusing to delay argument was attempting to alleviate the possibility that the jury might reach an ill-considered verdict because of the approaching holiday.[2] In these circumstances we find no abuse of discretion.

The judgment of sentence is affirmed.

---

[2] As it developed, the judge's estimate of the time needed was borne out, and the jury was enabled to proceed without haste. It retired to deliberate at 11:48 A.M. and returned its verdict at 2:20 P.M.