Commonwealth *v*. Toledo, Appellant.

Submitted September 9, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Charles F. G. Smith,* for appellant.

*Maxine J. Stotland, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAETH, J., December 11, 1974:

This is an appeal from a denial without hearing of relief under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, §1 *et seq.,* 19 P.S. §1180-1 *et seq.* (Supp. 1974-75). All of the issues raised are rephrasing of issues previously raised on direct appeal when the conviction was affirmed. *Commonwealth v. Toledo,* 221 Pa. Superior Ct. 752, 289 A.2d 112 (1972), *allocatur refused,* 221 Pa. Superior Ct. xlv (1972). As the issues have thus been "finally litigated," §§4(a)(2) and (3) of the Act, *supra,* 19 P.S. §§1180-4(a)(2), (3) (Supp. 1974-75), appellant is not "eligible for relief," *id.,* §3(d), 19 P.S. §1180-3(d) (Supp. 1974-75) ; *Commonwealth v. Wilson,* 452 Pa. 376, 305 A.2d 9 (1973).

Appellant's claim that perjured testimony was used against him is merely a renewal of a previous attack on the credibility of the witness and thus does not present an issue of after-discovered evidence. *See, e.g., Commonwealth v. Mosteller,* 446 Pa. 83, 284 A.2d 786 (1971).

Order affirmed.