410 A.2d 349

**COMMONWEALTH of Pennsylvania,**

**v.**

**Robert HAMPTON, Appellant.**

Superior Court of Pennsylvania.

Submitted July 10, 1979.

Filed Sept. 14, 1979.

Robert W. O'Donnell, Philadelphia, and with him Thomas J. Hines, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth appellee.

Before WIEAND, NIX and WEKSELMAN, JJ.*

NIX, Judge:

Appellant was convicted by a Philadelphia jury of first degree murder, conspiracy and carrying a firearm in a public place in connection with the shooting death of James Robinson. In a direct appeal to the Supreme Court, his judgment of sentence—life imprisonment—was affirmed. *Commonwealth v. Hampton*, 462 Pa. 322, 341 A.2d 101 (1975). Subsequently, appellant filed a PCHA petition alleging ineffectiveness of his trial counsel. After an evidentiary hearing, the petition was dismissed and now forms the subject of this appeal.

■ Appellant raises two instances of trial counsel's ineffectiveness. The first concerns trial counsel's failure to

* Justice ROBERT N. C. NIX, Jr. of the Supreme Court of Pennsylvania, and Judge I. MARTIN WEKSELMAN of the Court of Common Pleas of Allegheny County, are sitting by designation.

cross examine a prosecution witness—Delores Robinson, the wife of the victim—because he did not have the notes of testimony from the preliminary hearing at which Mrs. Robinson's testimony differed from that which she gave at trial. This same contention was raised and found to be without merit in appellant's direct appeal to the Supreme Court. *See* 462 Pa. at 329–30, 341 A.2d at 104–05. Accordingly, this issue has been finally adjudicated and cannot be relitigated through a PCHA petition. Act of January 25, 1966, P.L. 1580 (1965), §§ 3, 4, 19 P.S. §§ 1180–3(d), 1180–4(a)(3) (Supp.1979–80).

■ Appellant's second instance of counsel's alleged ineffectiveness concerns counsel's failure to investigate, interview, or subpoena five potential witnesses, namely, appellant's wife, appellant's brother, Smokey Miller, Jerry Allison (or Allen), and Barbra Dennis.[1] Appellant's wife had also been indicted in connection with the incident and her counsel informed appellant's counsel that she would not appear and testify on appellant's behalf. Trial counsel requested appellant to bring his brother for an interview, but appellant declined to do so. Trial counsel was unable to locate Miller, the actual shooter, and denied that appellant ever mentioned Allison or Dennis. The PCHA court held that "[w]e do not believe defendant's testimony that two witnesses would testify in such a manner as to exculpate him from guilt. On the contrary, we are convinced and find as a fact that such testimony is not credible." Appellant has not offered any arguments attacking the validity of these findings. Under these circumstances, we find that this issue is without merit.

The Order of the Court of Common Pleas of Philadelphia County is affirmed.

[1]. Normally, this argument for relief would have been waived because appellant is simply offering a new theory to support the original ineffective assistance claim that was finally litigated when it was rejected by the Supreme Court on direct appeal. *Commonwealth v. Slavik*, 449 Pa. 424, 428, 431, 297 A.2d 920, 922 (1972); *Commonwealth v. Toledo*, 230 Pa.Super. 447, 448, 331 A.2d 888, 889 (1974). However, since appellant was represented by the same attorney during his trial and direct appeal to the Supreme Court, *see* 462 Pa. at 327 n.1, 341 A.2d 101, n.1 and is now represented by new counsel, we have considered the merits of this argument.