454 A.2d 12

**COMMONWEALTH of Pennsylvania,**

v.

**Ronald Lee TABAS, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 8, 1980.

Filed April 12, 1982.

Petition for Allowance of Appeal Denied July 1, 1982.

Reargument Denied Dec. 3, 1982.

44

46

48

Theodore Simon, Philadelphia, for appellant.

Alan J. Jarvis, Assistant District Attorney, West Chester, for Commonwealth, appellee.

Before WICKERSHAM, HOFFMAN and VAN der VOORT, JJ.

VAN der VOORT, Judge:

A jury found appellant guilty of possession of phentermine and marijuana with intent to deliver, and criminal conspiracy. Post-trial motions were denied and appellant was sentenced to pay a fine of $500 and to serve a term of 11½ to 23 months imprisonment.

The appeal to this court, filed by appellate counsel, who replaced trial counsel, raises four arguments involving fourteen sub-issues.

We will discuss the issues in a numerical order different from that of the appellant's.

1. *The sufficiency of the evidence.*

Counsel argues that the Commonwealth failed to prove:

a) that appellant was not licensed; and

b) that the drug was a controlled substance.

■ As to proof of licensing, our decision in *Commonwealth v. Sojourner*, 268 Pa.Superior Ct. 488, 408 A.2d 1108 (1979), (so-called Sojourner II), clarifying *Commonwealth v. Sojourner*, 268 Pa.Superior Ct. 472, 408 A.2d 1100 (1978), is controlling. While the Commonwealth has the burden of proof as to non-authorization, "the accused must first come forward with some credible evidence of authorization (assuming the government's case-in-chief has not provided such evidence) before the government need negative authorization beyond a reasonable doubt." 268 Pa.Superior Ct. at 500, 408 A.2d 1108. Appellant has failed to so proffer such evidence of authorization.

Appellant goes on to complain in essence that he was convicted for possession of a drug not listed in the schedules of controlled substances as Phentermine is not so listed. He also contends that even if listed the Commonwealth failed to demonstrate that the quantity possessed had a potential for abuse.

■ The first part of this argument is easily explained. Phentermine is not listed in the schedules contained in Chapter 35, Section 780–104 of Purdon's statutes. However, the Secretary of Health is authorized by The Controlled Substance, Drug, Device, and Cosmetic Act (hereafter referred to as the Act) to make additions to the list established by the General Assembly. 35 P.S. 780–103. Such supplemental schedules may be found at Title .28, Pennsylvania Code, Section 25.72. The drug Phentermine is clearly listed in schedule IV, currently at subsection (e)(3)(ii) (added August 21, 1976).

Appellant relying on *Commonwealth v. Driscoll*, 485 Pa. 99, 401 A.2d 312 (1979) and *Commonwealth v. Teada*, 235 Pa.Superior Ct. 438, 344 A.2d 682 (1975) argues that the Commonwealth failed to demonstrate that the phentermine found contained a quantity of the drug having a potential for abuse. Appellant relies on 35 P.S. § 780–104(4)(i), Act of April 14, 1972, P.L. 233, No. 64 § 4 which was in effect at the time of his arrest and which read as follows:

(4) Schedule IV—In determining that a substance comes within this schedule, the secretary shall find: a low potential for abuse relative to substances in Schedule III; currently accepted medical use in the United States; and limited physical and/or psychological dependence liability relative to the substances listed in Schedule III. The following controlled substances are included in this schedule:

(i) Any material, compound, mixture, or preparation, unless specifically excepted or unless listed in another schedule, *which contains any quantity of the following substances having a potential for abuse associated* with a depressant effect on the central nervous system . . . . (Emphasis added)

█ However, phentermine was not contained in the above paragraph (i). Notice of proposed rule making was published by the Secretary of Health at 6 Pa.Bulletin 574, March 20, 1976. The rule was adopted as proposed on August 20, 1976, 6 Pa.Bulletin 1985. As proposed and adopted phentermine was contained in the following paragraph.

(ix) Diethylpropion

(x) *Phentermine*

(xi) Pemoline

Unless specifically excepted or unless listed in another schedule, any material, compound, mixture, or preparation which contains *any quantity of the substances* mentioned in paragraph (4)(ix) through (xi) of this section, having a stimulant effect on the central nervous system, including its salts, isomers whether optical, position, or geometric, and salts of such isomers whenever the existence of such salts, isomers, and salts of isomers is possible within the specific chemical designation.

(Emphasis added). The Secretary of Health, pursuant to the Act, 35 P.S. 780–103, had determined that *any quantity* of phentermine had a potential for abuse. Therefore, the Commonwealth was not required to demonstrate the drug's potential for abuse.

## 2. *Admission of evidence of other crimes.*

Appellant's co-defendant Lord, a/k/a Snyder, (hereinafter referred to as Snyder) had pleaded guilty to the possession of cocaine, and was used as a prosecution witness against appellant. During the cross-examination of another prosecution witness, appellant's trial counsel brought out that there was testimony attributed to Snyder in the case about cocaine found only in a tool box owned by and under the control of appellant. On re-direct, over objection, Trooper Shaw stated that other cocaine was also discovered on the premises.

■ Appellant now contends that the admission of this testimony constituted reversible error, because a) it improperly brought in the record evidence of an apparently unrelated crime, and b) the introduction of this evidence violated an agreement between trial counsel not to inquire into drugs not alleged to be within the possession of appellant. The inquiry on redirect was in response to the cross-examination of Trooper Shaw. Defense counsel had attempted to demonstrate to the jury that if Snyder had pleaded guilty to possession of the same cocaine involved in the case, then appellant could not also have possessed the drugs in question. In any event, if appellant was prejudiced by the Commonwealth's inquiry, we find that any possible prejudice was cured when after a break to discuss the legal problem, Judge Pitt reversed himself, and instructed the jury to disregard any reference to other amounts of cocaine found elsewhere other than in the tool box. The court then informed the jury that the Commonwealth had stipulated that the appellant had no knowledge of any other cocaine. The court went so far as to poll the jury concerning their understanding that it was improper to consider such evidence.

## 3. *Effectiveness of counsel in filing post-trial motions.*

■ The five subheadings involved in this contention refer to alleged trial errors which were not specified in post-trial motions, and therefore deemed by the trial judge

to have been waived. Appellate counsel now argues that trial counsel's failure to preserve these "meritorious issues" constituted ineffective counseling, and that, therefore, appellant is entitled to a new trial. The legal precedents do permit new counsel to raise the issue of the effectiveness of prior counsel: *Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978). However, there is the qualification, of course, that

"counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen had some reasonable basis designed to effectuate his client's interest." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).

Therefore, an appellate court will not find that counsel has been ineffective in electing not to pursue claims of no substantial merit. a) First, appellant contends that trial counsel failed to object to an improper admission into evidence of a "prior consonant statement" of prosecution witness Snyder, which he had made to his attorney.

■ We find no error in this regard. As indicated above Snyder was appellant's alleged co-conspirator and co-defendant, he had entered a plea and had received a short sentence apparently due to his willingness to testify as a prosecution witness. He was cross-examined vigorously and at length. Trial counsel developed that the witness had originally given a different version of the various events to the police, inconsistent with his testimony at the trial. To rehabilitate the witness's testimony, the court permitted over objection the witness's attorney to testify that the witness had told him, before the plea bargaining was begun, a version of events consonant with his version on the witness stand.

Due to the limited purpose for which the challenged evidence was received, we find no reversible error in the circumstances. See, *Commonwealth v. Gaddy*, 468 Pa. 303, 315, 362 A.2d 217 (1976); *Commonwealth v. Cooper*, 230 Pa.Superior Ct. 204, 327 A.2d 177 (1974).

■ b) Counsel claims "reversible error" in the court's allowing the prosecution to reopen its case after it had closed and the defense had initially indicated that it would not present any defense. The additional testimony tended to support the testimony of prosecution witness Snyder. Arguendo, the witness could have been called as part of the Commonwealth's case-in-chief, but we find the trial judge's decision to permit reopening of the case for this one witness lay within the court's judicial discretion. *Commonwealth v. Evans*, 488 Pa. 38, 44, 410 A.2d 1213 (1979).

c) Appellate counsel claims that there was insufficient evidence of conspiracy, and that trial counsel was therefor ineffective in failing to pursue that claim in his written post-trial motions.

■ The testimony of Snyder (N.T. Trial 316–318) as to the collective effort of appellant, Snyder, and others to process marijuana into oil was enough, if accepted by the jury, to prove a criminal conspiracy.[1] There is no basis for a finding of ineffectiveness on this point.

d) The fourth complaint contends that the trial judge erred in refusing to permit the impeachment of Snyder by a prior conviction for possessing bombs, silencers, etc., and carrying a concealed deadly weapon. Counsel concedes that generally a witness may be impeached by evidence of prior convictions only if the crimes involve dishonesty or false statement (crimen falsi): *Commonwealth v. Kahley*, 467 Pa. 272, 356 A.2d 745 (1976). In this present case, however, counsel argues that, after the Commonwealth had introduced evidence of the witness's good character in military service, the defense should have been permitted to show the previous convictions because the offense occurred during the witness's military service.

1. Because of a falling out between appellant and the witness Snyder, and the latter's willingness to testify against appellant, the proof of conspiracy in this present case was more direct than frequently is possible. See, *Commonwealth v. Holman*, 237 Pa.Superior Ct. 291, 295, 296, 352 A.2d 159 (1975).

*Commonwealth v. Bighum,* 452 Pa. 554, 307 A.2d 255 (1973) is the leading Pennsylvania case concerning the use of prior convictions for impeachment purposes. *Bighum* established that certain factors must be considered in allowing impeachment of a defendant by a prior conviction. *Commonwealth v. Ashmore,* 266 Pa.Superior Ct. 181, 403 A.2d 603 (1979), applied the *Bighum* criteria to the impeachment of prosecution witnesses. The factors to be considered are:

the age and nature of the prior crimes; the length of the criminal record; the age and circumstances of the defendant; the extent to which it is more important to the search for truth in a particular case for the jury to hear the defendant's story than to know of a prior conviction. (citation deleted) This last factor is of critical importance.

*Bighum,* 452 Pa. at 567, 307 A.2d 255.

In the current case the conviction was ten years old; it did not involve crimen falsi; and more importantly the witness's credibility had been seriously questioned and tarnished both on direct and cross-examination. The jury was clearly advised that the witness was an admitted, convicted, co-defendant of appellant. Testimony was presented that there were two reasons why he chose to testify against appellant. First, he was offered a sentence of eleven and a half (11½) to twenty-three (23) months if he pled guilty and testified against appellant as compared to a five (5) to ten (10) year sentence if he did not testify. Secondly, the witness indicated that he testified because the appellant reneged on a promise to assist him in his defense. Also there was some discussion about the witness' dislike for appellant due to the appellant's alleged relationship with the witness's girl friend. Finally, the witness repeatedly admitted that he had lied to the police and had fabricated a story that differed with his testimony at trial. Under these circumstances we can find no reversible error in the court's decision to disallow the introduction of the prior conviction.

e) Next, appellant argues that the search warrant was improperly executed as the officers forcibly entered the premises instead of waiting for a response to their knocking.

Trooper Shaw, in charge of the group assigned to the execution of the search warrant in this case, testified that he and his group went to the residence to be searched; knocked on the door "once and two knocks and extremely loud and ... shouted 'State Police, Search Warrant' ... waited for a short period of time (maybe 15 to 20 seconds) ... knocked again extremely hard ... again yelled 'State Police, Search Warrant' ... waited 25 to 30 seconds ... didn't hear anything inside", and forced the door open.[2] (N.T. Suppression p. 8).

 Appellant argues that the entry into the house was unlawful because further opportunity should have been given the residents to respond. We disagree. Considering the circumstances, the length of time, *Commonwealth v. Burstin*, 259 Pa.Superior Ct. 584, 393 A.2d 979 (1978), the subject of the search was controlled substances which could be readily destroyed, *Commonwealth v. Pugh*, 223 Pa.Superior Ct. 112, 296 A.2d 864 (1972); and that the authorities had information that firearms may be present, (N.T. Suppression p. 10) we find the denial of the motion to suppress was correct.

Counsel also argues that the search warrant "lacked present probable cause."

A brief summary of the affidavit of probable cause in support of the search warrant reveals the following:

1) An informant had entered the residence with another individual. The other individual purchased some marijuana; prior to leaving, a joint of marijuana was smoked. There was some conversation that a shipment of cocaine was to be received at the house in the near future.

---

**2.** Testimony by other police officers varied somewhat as to the estimates of time.

2) The affiant and the informer drove to the house. The house matched the description given by the informant.

3) Two automobiles were observed at the residence; a check of their registrations indicated they were registered to individuals with drug related criminal records.

4) The informant drove the individual mentioned in paragraph one (1) to the residence to purchase some cocaine. While the informant remained outside, the individual returned with a bag of white powder. The informant determined the powder to be "very good coke."

5) The informant had previously provided information leading to at least two convictions for drug violations and at least one other arrest pending action.

We find that the above averments contained in the affidavit established probable cause that illegal drugs were to be found in the residence. See, *Commonwealth v. Prokopchak,* 279 Pa.Superior Ct. 284, 420 A.2d 1335 (inter alia, cars of suspected drug dealers were observed); *Commonwealth v. Passarelli,* 274 Pa.Superior Ct. 436, 418 A.2d 485 (1980) (inter alia, informer had purchased marijuana); and *Commonwealth v. Albert,* 264 Pa.Superior Ct. 390, 399 A.2d 1106 (1979) (inter alia, informant's information had previously led to two arrests for dangerous drugs), where affidavits of probable cause were found to be sufficient.

Counsel also argues that trial counsel was ineffective in failing to request findings of fact and conclusions of law following the hearing in the motion to suppress. Such are required by Pa.R.Crim.P. 323(i). If the motion to suppress had no arguable merit, as we have indicated above, no harm to the appellant resulted from trial counsel's election not to push the technical requirement of findings of facts and conclusions of law. *Commonwealth v. Nero,* 250 Pa.Superior Ct. 17, 378 A.2d 430 (1977).

### 4. *Effectiveness of counsel at trial.*

Appellant claims counsel was ineffective by failing to preserve various issues, in violation of the appellant's rights under the Sixth Amendment of the Constitution of the

United States, as well as Article 1 § 9 of the constitution of this Commonwealth. He alleges six errors under this heading. In passing we must again note that counsel cannot be deemed ineffective for failing to pursue issues without any arguable merit. *See Commonwealth ex rel. Washington v. Maroney*, supra.

A) Counsel argues that trial counsel failed to demand a hearing on the Commonwealth application under Rule 1100 for an order extending the time for commencing trial. The record shows that 180 days would have terminated on October 18, 1977; that appellant and his trial counsel presented themselves to the court on October 11, 1977, when the case was listed for trial, and asked for and received a continuance, waiving Rule 1100; that the Commonwealth's Application for an order extending the time was filed on October 18, 1977. In these circumstances, we see no probable efficacy in trial counsel asking for a hearing as appellant had waived his right to be tried by October 18, 1977.

B) Next it is claimed that the jury returned a verdict of possession of a controlled substance (a misdemeanor), but that the court improperly sentenced appellant for possession of controlled substances with the intent to deliver (a felony), Appellant cites *Commonwealth v. Samuels*, 235 Pa.Superior Ct. 192, 340 A.2d 880 (1975). Appellant was charged with two offenses:

(1) possession of controlled substances with intent to deliver; and

(2) conspiracy.

The jury returned verdicts of guilty on both counts. Thereupon Judge Pitts engaged in a colloquy with the jury foreman. The jury indicated that they found appellant guilty on the first count "in the manner and form as he stands indicted." (N.T. Trial pp. 505–506). We find that the verdict returned by the jury on the first count was for the possession with intent to deliver (the only offense

charged in the first count). The sentence imposed was therefore within the statutory limitations.

The *Samuels* case, supra, is easily distinguished: there the indictment charged (1) possession, (2) purchase; and (3) the manufacturing, . . . delivering, or possessing with intent to manufacture or deliver. The trial judge, sitting non-jury, found defendant guilty only of possession and made no comment on the other two counts. On appeal, this court found that the defendant had in effect been acquitted of the two other counts. Here, two counts were charged and appellant was adjudged guilty of both.

▉▉▉ C) Complaint is made that trial counsel was ineffective "for failing to object to a sentence which penalized [appellant] for not cooperating with Commonwealth." There are two short but dispositive answers to this complaint. First, counsel did remind the court that appellant could not be sanctioned for exercising his right to be tried by a jury, instead of accepting a plea bargain. (N.T. Continued sentencing p. 6). Second there is no demonstration that the court did penalize appellant for a failure to cooperate. As it happens, the sentence imposed upon appellant except for a fine of $500, was the same as Snyder received after pleading guilty.

Appellate counsel also claims that the trial judge failed to state adequately on the record his reasons for imposing the sentence, as required by *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977), and the cases following it.

▉▉▉ Relatives and acquaintances of appellant testified on behalf of appellant at the sentencing phase. Sentencing was postponed for two weeks and additional discussions ensued and letters were received. The court was reminded by counsel of the Sentencing Guidelines and counsel zealously argued for probation. We find that the record amply demonstrates that the court evaluated both the nature of the crime and the characteristics of appellant before sentencing him.

The court, finding that appellant came from a relatively well-off, respectable family and that there was no reasonable explanation for appellants involvement in a drug operation located in an isolated location, found that the appellant was in need of punishment. While there is no strict formal compliance with the existing guidelines for sentencing, we find this case to be similar to *Commonwealth v. Roberts*, 263 Pa.Superior Ct. 237, 247, 397 A.2d 1187 (1979). In *Roberts* this court stated "we cannot say that the demands of *Riggins* were flouted when substantial consideration was clearly given to the individual circumstances and the reasons for the sentence appeared of record." Also as indicated previously trial counsel called the court's attention to the Sentencing Code and Guidelines.

D) Appellate counsel argues that trial counsel was ineffective in failing to subpoena Deborah Dalton, a co-defendant as a trial witness, and a Trooper Durante as a witness in the motion to suppress. Complaint is also made as to the failure to locate two other possible witnesses, including someone from the C.I.A. to dispute (or confirm) that body's employment of Snyder/Lord and to call one Phil Klien who was supposedly present when a shipment of cocaine was delivered to the house.

 Defense counsel cannot be required to investigate and call all conceivable witnesses irrespective of nature or extent of their potential information out of fear of being deemed ineffective. *Commonwealth v. Barren*, 273 Pa.Superior Ct. 492, 417 A.2d 1156 (1980).

 As to the alleged failure to locate and interview Klien, we can find no prejudice to appellant. Appellant admits that Klien could only testify to the delivery of cocaine, this testimony, he claims would have shown Snyder to be a continual liar. First, we must note that the jury exonerated appellant of all charges pertaining to cocaine. Lord was an admitted liar, admittedly involved in drug trafficking and his disdain for appellant had been amply

demonstrated on the record. Accordingly, such additional testimony would be collateral as well as cummulative.

No witness can be contradicted on everything he testifies to in order to 'test his credibility. The privotal issues in a trial cannot be sidetracked' for the determination of whether or not a witness lied in making a statement about something which has no relationship to the case on trial. The purpose of trials is not to determine the ratings of witnesses for general veracity. A witness can be contradicted only on matters germaine to the issue trying. There is no rule more firmly established than this . . . .

*Commonwealth v. Petrillo*, 341 Pa. 209, 223, 19 A.2d 288 (1941).

■■■ A similar conclusion is justified as to the failure to produce a witness to testify to Snyder's involvement with the Central Intelligence Agency; it would have been collateral.

■■■■ A number of law enforcement officers, were involved in the execution of the search warrant. Appellant claims that counsel was ineffective in failing to subpoena one Trooper Durante, who was unavailable at the Suppression Hearing. Trooper Shaw who actually effectuated the forced entry testified that 20 to 25 seconds lapsed between the initial knock and the entry. Trooper Girard, who covered the rear entrance estimated the lapsed time to be 20 to 25 seconds; Agent Crovetti, testified that he was to the side of the front door, estimated the time that passed was "ample time for someone to answer the door." "Six or eight seconds, maybe, I don't know." (N.T. Suppression pp. 99, 100). The vanguard of the search group consisted of Shaw, Durante, and DiPierro. Counsel after interviewing DiPierro found that his testimony was not helpful to defendants case. Failure to interview a prospective witness, may not be the basis for relief by way of a claim of ineffectiveness of counsel, if such is based on conjecture and not on what the witness would actually testify. *Commonwealth v. Warner*, 277 Pa.Superior Ct. 598, 419 A.2d

1312 (1980). Appellant merely argues that Durante may have been helpful on the issue of the execution of the search warrant. As there is no evidence that such testimony would have been contradictory to the other officers we find no basis to find counsel ineffective. See *Commonwealth v. Hampton*, 269 Pa.Superior Ct. 464, 410 A.2d 349 (1979).

Next, it is argued that counsel was ineffective in not subpoenaing Deborah Dalton, who was a frequent guest at the house; who was present when the search warrant was executed; and who was charged as a co-defendant. At the close of the Commonwealth's case defense counsel was granted two recesses for the purpose of procurring Dalton. After the first delay counsel indicated that the witness was amenable to testifying but wished to confer with her counsel first, and appellant's trial counsel was unable to contact Dalton's attorney. (N.T. Trial p. 423). The second recess was granted after which the Commonwealth was permitted to reopen its case. The defense rested without presenting any testimony, and without any further requests to delay the trial until Dalton could be procured.

Trial counsel's failure to subpoena Dalton, a material witness, or to request further recesses to secure her are not explained on the record. Failure to secure the presence of such a material witness has been the basis for awarding new trials. *Commonwealth v. Fallings*, 251 Pa.Superior Ct. 365, 380 A.2d 822 (1977); *Commonwealth v. Charleston*, 251 Pa.Superior Ct. 311, 380 A.2d 795 (1977). The Commonwealth argues that it is possible counsel chose against calling Dalton either because he determined she would not help his case or because she would invoke her right to remain silent as she was then subject to trial on similar charges. While we may not conjecture as to why such witness was not called, we believe the record justifies remanding for an evidentiary hearing as to this claim of ineffectiveness of counsel.

Case remanded for an evidentiary hearing for determination whether or not trial counsel was ineffective in not

subpoenaing Deborah Dalton as a defense witness or in not requesting a delay in the trial in order to secure her presence. If it is determined that counsel was not ineffective then the judgment of sentence shall stand affirmed; if it is determined that trial counsel was ineffective then the judgment of sentence shall be vacated and appellant be awarded a new trial.

E) Appellate counsel argues that trial counsel should have requested the court to charge on "a lesser included charge" of "possession", rather than "possession with intent to deliver."

 Appellant was found to have possessed approximately one hundred (100) pounds of marijuana and four to five thousand (4000–5000) phentermine capsules. "The issue ... is whether the evidence at trial would possibly support both a conviction of the lesser offense of possession of a small quanity for personal use and an acquittal of possession ... with intent to deliver." *Commonwealth v. Wilds,* 240 Pa.Superior Ct. 278, 288, 362 A.2d 273 (1976). In *Wilds* the defendant was convicted of possession with intent to deliver, however, two different amounts of drugs were involved, one small amount (less than 30 grams) found on his person and another large amount (almost two kilograms) seized from a room. The court found that the jury could have possibly convicted him of the possession of a small quanity found on his person while acquitting him of the charge of the large amount. Here, only large amounts of illicit drugs are involved; the jury could not have properly convicted him of simple possession. The amount of drugs seized raised an inference of possession with intent to deliver as opposed to possession for personal use. *Commonwealth v. Cubler,* 236 Pa.Superior Ct. 614, 346 A.2d 814 (1975). "It is not error ... for a judge to refuse to instruct the jury on the lesser included offense unless the evidence could support a conviction of the lesser offense." *Wilds,* 240 Pa.Superior Ct. 278, at 287, 362 A.2d 373. An attorney cannot be deemed ineffective for failing to request a

charge, where the evidence could not reasonably support such charge.

F) Lastly, appellant argues that trial counsel failed to object to a portion of the Commonwealth's closing argument where the prosecutor allegedly made a misstatement of fact as to what the witness Falato had testified.

The witness testified concerning a drug commonly known as "honey oil". He stated that it is derived from marijuana and was very profitable. The prosecutor inquired whether there was any discussion as to how the drug was produced. The witness indicated that there was no talk as to how it was made. In closing the Commonwealth reviewed the above conversation stating that appellant and others including Lord were going to refine marijuana into oil.

We find this to be a fair comment. In addition to Falato's testimony, Snyder/Lord had earlier testified that marijuana was being pooled to be processed into marijuana oil. Accordingly, counsel cannot be faulted for not challenging a proper closing comment.

Except for trial counsel's failure to call Miss Dalton and the lack of his reason for so doing, we find no merit to appellant's other claims of ineffectiveness. Counsel cannot be deemed ineffective for failing to pursue issues without arguable merit. *Commonwealth v. Burch*, 248 Pa.Superior Ct. 8, 374 A.2d 1291 (1977).

WICKERSHAM, J. files a Dissenting Statement in which he finds no reason to remand for any purpose and he would affirm.

HOFFMAN, J. files a Concurring and Dissenting Opinion. He joins VAN der VOORT, J. in remanding for an evidentiary hearing to determine whether or not appellant's counsel was ineffective in failing to call Deborah Dalton as a defense witness; but he would *further* remand for an evidentiary hearing on counsel's effectiveness in failing to request findings of fact and conclusions of law following the suppression hearing below.

Case remanded for an evidentiary hearing to determine whether or not counsel was ineffective in not calling Deborah Dalton as a defense witness. If the finding is that counsel was ineffective, then the judgment of sentence shall be vacated and a new trial granted to appellant; if the finding is that counsel was not ineffective in not calling Deborah Dalton, then the judgment of sentence shall stand affirmed.

HOFFMAN, J., files a concurring and dissenting opinion.

WICKERSHAM, J., files a dissenting statement.

HOFFMAN, Judge, concurring and dissenting:

The majority holds that appellant's suppression motion was without arguable merit, and thus counsel was not ineffective in failing to preserve related issues for appellate review. Because the record is insufficient for us to make that determination absent the suppression court's findings of fact and conclusions of law, I must dissent.

Rule 323(i) of the Pennsylvania Rules of Criminal Procedure provides:

> At the conclusion of the hearing, the judge shall enter on the record a statement of findings of fact and conclusions of law as to whether the evidence was obtained in violation of the defendant's rights, or in violation of these rules or any statute, and shall make an order granting or denying the relief sought.

"The purpose of Rule 323(i) is to insure a meaningful appellate review of the lower court's decision." *Commonwealth v. Harris*, 275 Pa.Superior Ct. 18, 25, 418 A.2d 589, 592 (1980). An appellate court "does not in the first instance make findings of fact and conclusions of law." *Commonwealth v. Jackson*, 464 Pa. 292, 298, 346 A.2d 746, 748 (1975). We must "insist on a full compliance with Rule 323(i)." *Id.*, 464 Pa. at 298, 346 A.2d at 748. When a suppression court fails to enter adequate findings of fact and conclusions of law, we are precluded from our appellate function of determining whether "the record supports the

factual findings of the court below and the legitimacy of the inferences and legal conclusions drawn from those findings." *Commonwealth v. Brown,* 473 Pa. 562, 566, 375 A.2d 1260, 1262 (1977), quoting *Commonwealth v. Goodwin,* 460 Pa. 516, 521, 333 A.2d 892, 895 (1975). The lower court's only attempt at compliance with the rule was at the conclusion of the suppression hearing, when it stated:

> Gentlemen, we find the facts to be as testified by the two State Troopers and we find there was probable cause set forth in the affidavit in support of the warrant and that the execution of the warrant was proper.

(N.T. at 142). Such a superficial statement is wholly inadequate to provide this Court with the basis for a meaningful review.[1] *See Commonwealth v. Jackson, supra* (conclusory statement that there was no coercion used in obtaining confession insufficient). Absent adequate findings of fact and conclusions of law to guide our review, I cannot presume, as does the majority, that appellant's suppression motion lacked arguable merit. Accordingly, I would vacate the judgment of sentence and remand to the lower court for an evidentiary hearing to determine whether "the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352 (1967). If it be determined that counsel was ineffective, appellant would be entitled to "a new suppression hearing, after which the hearing judge shall enter findings and conclusions as required by Rule 323(i)." *Commonwealth v. Spaulding,* 275 Pa.Superior Ct. 261, 263, 418 A.2d 712, 713 (1980). *See Commonwealth v. Jackson, supra.* Following the suppression hearing, if it be determined that the evidence should have been suppressed, a new trial should be granted. If the evidence should not

---

1. The majority correctly notes that the testimony of the troopers varried as to the lapse of time between their initial knocking and their breaking in the door. That lapse is critical to a determination of whether appellant was given a reasonable opportunity to voluntarily surrender his privacy. *See Commonwealth v. DeMichel,* 442 Pa. 553, 277 A.2d 159 (1971).

have been suppressed, then the judgment of sentence should be reinstated. Similarly, if it be determined that counsel's representation was effective, then judgment of sentence should be reinstated. Either party aggrieved by the lower court's ultimate decision may then appeal as permitted by law.[2]

WICKERSHAM, Judge, dissenting:

I would affirm the judgment of sentence.

It *is* clear from the record that trial counsel gave consideration to calling Deborah Dalton as a witness but that there was a Fifth Amendment problem as she was subject to trial on similar charges. It *is not* clear that she was a material witness for the defense.

**2.** I do, however, join in Judge VAN der VOORT'S view that there should be an evidentiary hearing to determine whether appellant's trial counsel was ineffective in failing to call Deborah Dalton as a defense witness.