382 A.2d 1200

**COMMONWEALTH of Pennsylvania**

v.

**Fidel SANTIAGO, Appellant (two cases).**

Supreme Court of Pennsylvania.

Argued Oct. 20, 1977.

Decided Jan. 26, 1978.

Jeffrey Miller, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Michael R. Stiles, Asst. Dist. Atty., Chief, Appeals Div., Gaele McLaughlin Barthold, Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

342

ROBERTS, Justice.

■ Appellant Fidel Santiago was convicted by a jury of murder of the first degree, criminal conspiracy, and rape in connection with the June 27, 1973 killing of Kevin Wolf and rape of Margaret Handerahan. In these appeals, appellant contends that the closing argument of the prosecuting attorney was prejudicial and the instruction to the jury on felony-murder was erroneous.[1] Appellant has failed, however, to raise either issue in post-verdict motions and therefore these claims have not been properly preserved for appellate review.[2]

■ Appellant has not specifically challenged the sufficiency of the evidence to support a conviction of murder of the first degree. Nevertheless, this Court has an independent obligation to consider this issue. Act of February 15, 1870, P.L. 15, § 2, 19 P.S. § 1187 (1964). We conclude that the evidence was sufficient.

In determining the sufficiency of the evidence, we must consider whether, viewing all the evidence admitted at trial in the light most favorable to the Commonwealth and drawing all reasonable inferences favorable to the Commonwealth, there exists sufficient evidence to enable the trier of fact to find every element of the crime proved beyond a reasonable doubt. *Commonwealth v. Kichline,* 468 Pa. 265, 361 A.2d 282 (1976); *Commonwealth v. Bastone,* 466 Pa. 548, 353 A.2d 827 (1976).

In the early morning hours of June 27, 1973, Kevin Wolf and Margaret Handerahan were sleeping in a parked car in the vicinity of the Philadelphia Museum of Art. Margaret Handerahan testified that at approximately 3:00 a. m., she woke up, finding a hand covering her mouth and a knife at

1. We hear these appeals pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, arts. II and V, §§ 202(1) and 503(a), 17 P.S. §§ 211.202(1) and 211.503(a) (Supp.1977).

2. *Commonwealth v. Carr,* 471 Pa. 86, 369 A.2d 1207 (1977); *Commonwealth v. Jackson,* 464 Pa. 292, 346 A.2d 746 (1975).

her throat. The man holding the knife and three of his companions led Handerahan from the car to a wooded area nearby, where she was raped by each of the men. The men left her lying in the wooded area and, a few minutes later, Handerahan heard a car drive away.

Handerahan testified that as she was led to the wooded area, she saw two other men holding Wolf. After the assailants left, Handerahan searched for Wolf, but did not find him. She soon saw a policeman, to whom she reported the incident. Handerahan was taken to Philadelphia General Hospital.

Police returned to the scene of the incident and found the body of Wolf in a pool near the Museum of Art. The body was removed from the pool. A medical examiner determined that the cause of death was suffocation by strangulation and drowning.

Juan Garcia, a participant in the crimes, testified that he and five companions, including appellant, approached the car in which the victims were sleeping. According to Garcia, appellant said, "Let's see if we can get some money." As two of the men opened the door and pulled out Wolf, appellant held a knife to Handerahan's throat and let her out of the car. Garcia testified that he accompanied appellant and the others to the wooded area, and that appellant was the first to rape Handerahan. Garcia testified that he too raped Handerahan and then returned to the vicinity of the pool, where he heard water splashing. Upon arriving at the pool Garcia stated that he observed appellant in the pool holding Wolf around the head and two others holding Wolf's legs and arms. Garcia stated that at first Wolf resisted but eventually Wolf lay floating in the pool face down.

At the time of this killing, the Legislature defined murder of the first degree as follows:[3]

"A criminal homicide constitutes murder of the first degree when it is committed by means of poison, or by lying in wait, or by any other kind of willful, deliberate, and

---

3. Murder is now defined at 18 Pa.C.S.A. § 2502 (Supp.1977).

premeditated killing. A criminal homicide constitutes murder of the first degree if the actor is engaged in or is an accomplice in the commission of, or an attempt to commit, or flight after committing, or attempting to commit robbery, rape, or deviate sexual intercourse by force, arson, burglary, or kidnapping."

18 C.P.S.A. § 2502(a) (1973). The evidence here was sufficient for the jury to conclude beyond a reasonable doubt that appellant killed Kevin Wolf willfully, deliberately, and with premeditation. The testimony of Juan Garcia placed appellant at the scene of the crime, and established that as a result of appellant's conduct Wolf was motionless, face down, in a pool of water. The jury was thus presented with testimony of an eyewitness which, if believed, would establish beyond a reasonable doubt the elements of the crime of murder of the first degree. The evidence was thus sufficient for the jury to render its verdict.

Judgments of sentence affirmed.