**Rule 1941.  Review of [Death Sentences] <u>Sufficiency of the Evidence and the Propriety of the Penalty in Death Penalty Appeals.</u>**

(a) *Procedure in trial court*.—Upon the entry of a sentence subject to 42 Pa.C.S. § 9711(h) (review of death sentence) the court shall direct the official court reporter and the clerk to proceed under this chapter as if a notice of appeal had been filed 20 days after the date of entry of the sentence of death, and the clerk shall immediately give written notice of the entry of the sentence to the Administrative Office and to the Supreme Court Prothonotary's Office.  The clerk shall insert at the head of the list of documents required by **[Rule]<u>Pa.R.A.P.</u>** 1931(c)**[(duty of clerk to transmit the record)]** a statement to the effect that the papers are transmitted under this rule from a sentence of death.

(b) *Filing and docketing in the Supreme Court.*—Upon receipt by the Prothonotary of the Supreme Court of the record of a matter subject to this rule, the Prothonotary shall immediately:

**[(1)]<u>1.</u>**  Enter the matter upon the docket as an appeal, with the defendant indicated as the appellant and the Commonwealth indicated as the appellee.

**[(2)]<u>2.</u>**  File the record in the Supreme Court.

**[(3)]<u>3.</u>**  Give written notice of the docket number assignment in person or by first class mail to the clerk of the **[lower]<u>trial</u>** court.

**[(4)]<u>4.</u>**  Give notice to all parties and the Administrative Office of the docket number assignment and the date on which the record was filed in the Supreme Court, and **[shall]** give notice to all parties of the date, if any, specially fixed by the Prothonotary pursuant to **[Rule]<u>Pa.R.A.P.</u>** 2185(b)**[(notice of deferred briefing schedule)]** for the filing of the brief of the appellant.

(c)  *Further proceedings*.—Except as required by **[Rule]<u>Pa.R.A.P.</u>** 2189 or by statute, a matter subject to this rule shall proceed after docketing in the same manner as other appeals in the Supreme Court.

**Official Note:**  Formerly the **[a]<u>A</u>**ct of February 15, 1870 (P.L. 15, No. 6) required the appellate court to review the sufficiency of the evidence in certain homicide cases regardless of the failure of the appellant to challenge the matter.  *See, e.g., Commonwealth v. Santiago*, **[476 Pa. 340,]** 382 A.2d 1200 (<u>Pa.</u> 1978).  **[Rule]<u>Pa.R.A.P.</u>** 302 **[(requisites for reviewable issue)]** now provides otherwise with respect to homicide cases generally.  However, under **[Subdivision]<u>paragraph</u>** (c) of this rule the procedure for automatic review of capital cases provided by 42 Pa.C.S. § 9711(h) (review of death sentence) will permit an independent review of the sufficiency of the evidence in such cases.  <u>**In capital cases, the Supreme Court has jurisdiction to hear a direct appeal and will automatically review (1) the sufficiency of the evidence "to sustain a conviction for first-degree murder in every case in which the death penalty has been imposed;" (2) the sufficiency of the evidence to support the finding of at least one aggravating circumstance set forth in 42 Pa.C.S. § 9711(d); and (3) the imposition of the sentence of death to ensure that it**</u>

**was not the product of passion, prejudice, or any other arbitrary factor.** *Commonwealth v. Mitchell*, **902 A.2d 430, 444, 468 (Pa. 2006); 42 Pa.C.S. § 722; 42 Pa.C.S. § 9711(h)(1), (3). Any other issues from the proceedings that resulted in the sentence of death may be reviewed only if they have been preserved and if the defendant files a timely notice of appeal.**

**Likewise,** [A]although **[Rule] Pa.R.A.P.** 702(b)**[(matters tried with capital offenses)]** vests jurisdiction in the Supreme Court over appeals from sentences imposed on a defendant for lesser offenses as a result of the same criminal episode or transaction where the offense is tried with the capital offense, the appeal from the lesser offense**s** is not automatic. Thus the right to appeal the judgment of sentence on a lesser offense will be lost unless all requisite steps are taken, including preservation of issues (**[e.g.]** **such as** by filing post-trial motions)**[,]** **and** filing a timely notice of appeal**[,** *etc*.**].**

*See* **[Rule] Pa.R.A.P.** 2189 for **[procedure]** **provisions specific to the production of a reproduced record** in cases involving the death penalty.