J-S70009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KELLY FISHER | : | |
| | : | |
| Appellant | : | No. 258 MDA 2017 |

Appeal from the Judgment of Sentence January 17, 2017
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0006436-2015

BEFORE: GANTMAN, P.J., SHOGAN, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED NOVEMBER 28, 2017**

Appellant, Kelly Fisher, appeals from the judgment of sentence entered in the Dauphin County Court of Common Pleas, following her bench trial convictions of two counts of recklessly endangering another person ("REAP"), one count each of disorderly conduct, defiant trespass, criminal mischief, and careless driving.[1] We affirm.

The relevant facts and procedural history of this case are as follows. On August 26, 2015, Appellant went to her ex-boyfriend's mother's house to pick up Appellant's teenage son, whose father is Appellant's ex-boyfriend "Victim." Their son had been suspended from school the day before for

_____

[1] 18 Pa.C.S.A. §§ 2705, 5503(a)(1), 3503(b)(1)(i) and (2), 3304(a)(5) and (b), 75 Pa.C.S.A. § 3714(a), respectively

stealing a Gatorade from the school's cafeteria. Appellant made arrangements with Victim to pick up their son on the day in question. Appellant entered the home, and Victim began recording events on his cell phone. A commotion took place between Appellant and Victim's mother inside the home which led Victim's mother to call the police and ask Appellant to leave. Appellant exited the home with the help of her son and proceeded to damage and spit on Victim mother's car. Victim and Victim's sister exited the home to video record Appellant outside the home. Appellant entered her vehicle, made a right turn, and struck Victim and Victim's sister. Victim's sister folded onto the hood of Appellant's car and rolled off to the side. Appellant struck Victim with the front right tire causing abrasions to his right leg. Appellant struck Victim for a second time in the upper arm area causing chest pain, which lasted a week. Appellant and her son then drove away.

On December 9, 2016, the court found Appellant guilty of two counts of REAP, one count each of disorderly conduct, defiant trespass, criminal mischief, and careless driving. The court sentenced Appellant on January 17, 2017, to 12 months' probation and ordered her to pay a fine of $450.00. Appellant timely filed a notice of appeal on February 1, 2017. On February 8, 2017, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), which Appellant timely filed on February 24, 2017.

Appellant raises the following issues for our review:

WHETHER THE EVIDENCE PRESENTED AT APPELLANT'S BENCH TRIAL WAS INSUFFICIENT TO PROVE THE CHARGE OF RECKLESSLY ENDANGERING ANOTHER PERSON WHERE THE COMMONWEALTH FAILED TO ESTABLISH BEYOND A REASONABLE DOUBT THAT APPELLANT RECKLESSLY ENGAGED IN CONDUCT WHICH PLACED OR MAY HAVE PLACED [VICTIMS] IN DANGER OF DEATH OR SERIOUS BODILY INJURY WHEN SHE PULLED HER CAR AWAY FROM THE CURB?

(Appellant's Brief at 10).

When examining a challenge to the sufficiency of the evidence our standard of review is as follows:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005)

(quoting *Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super.

2003)).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Richard A. Lewis, P.J., we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed March 27, 2017, at 3-5) (finding Appellant made conscious decision to steer her car toward Victims and strike them; Appellant had means necessary to prevent this situation by putting her car in reverse to avoid Victims; instead, Appellant chose to drive into Victims; considering events which led up to this incident, in which Appellant had exited residence visibly angered, spat on multiple vehicles and damaged her ex-boyfriend's mother's car, record showed Appellant's intent to escalate incident; Appellant's conduct placed Victims in great danger; Appellant further demonstrated her willingness to commit this act by hitting one Victim twice with her vehicle; reasonable person in Appellant's situation would have realized danger vehicle presented when used as weapon; Appellant's proffered defense of provocation is meritless; Commonwealth presented sufficient evidence to sustain REAP convictions). Accordingly, we affirm on the basis of the court opinion.

Judgment of sentence affirmed.

J-S70009-17

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/28/2017

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS

: DAUPHIN COUNTY, PENNSYLVANIA

v. :

: NO. 6436 CR 2015 (258 MDA 2017)

KELLY E. FISHER : CRIMINAL ACTION (APPEAL)

## MEMORANDUM OPINION

Appellant, Kelly Fisher ("Appellant" or "Fisher") appeals this Court's judgment of sentence entered January 17, 2017. This opinion is written pursuant to Pa.R.A.P. 1925(a).

## PROCEDURAL HISTORY

At Dauphin County Docket Number 6436 CR 2015, following a bench trial concluding on December 19, 2016, Appellant Kelly Fisher was found guilty of two counts of recklessly endangering another person[1], and one count of each disorderly conduct[2], defiant trespass[3], criminal mischief[4], and careless driving.[5] On January 17, 2017, Appellant was sentenced to 12 months probation and a fine of $450. The Appellant was found not guilty of two counts of aggravated assault[6] and one count of terroristic threats.[7]

A timely notice of appeal was filed on February 1, 2017. In compliance with this Court's February 8, 2017 Order, a Concise Statement of Errors Complained of on Appeal Pursuant to

---

[1] 18 Pa.C.S.A. § 2705.
[2] 18 Pa.C.S.A. § 5503-(a)(1).
[3] 18 Pa.C.S.A. § 3503(b)(1)(i) and (2).
[4] 18 Pa.C.S.A. § 3304(a)(5) and (b).
[5] 75 Pa.C.S.A. § 3714-A.
[6] 18 Pa.C.S.A. § 2702-A4.
[7] 18 Pa.C.S.A. § 2706(a)(1).

1

23—5

Appellate Rule of Procedure 1925(b) (Concise Statement) was filed raising the following issue for review:

1. There was insufficient evidence presented during appellant's bench trial on the charges of Recklessly Endangering Another Person (2), where the Commonwealth failed to establish beyond a reasonable doubt that the appellant recklessly engaged in conduct which placed or may have placed another person in danger of death or serious bodily injury. Specifically, the Commonwealth failed to establish that appellant's actions placed <u>Shanita Little or Alexander Little</u> in danger of death or serious bodily injury when she pulled her car away from the curb.[8]

## FACTUAL BACKGROUND

The testimony at trial revealed that on August 26, 2015, the conflict between the parties occurred. Transcript of Proceedings, Bench Trial, Page 11, December 9, 2016 (hereinafter "N.T. at __"). Alexander Little's (hereinafter "Victim") son had been suspended at school the day prior for stealing a Gatorade at the school's cafeteria.[9] N.T. at 9. The Victim discussed punishment with his son, which ultimately led to an argument where the Victim's parents arrived to defuse the situation. N.T. at 11. The Victim then received a phone call from his sister ("Shanita Little") who was at Cynthia Little's home.[10] This phone call revealed that a caseworker from Children and Youth was at the mother's home on a reported child abuse claim from an anonymous tip. N.T. at 15. The Appellant had made arrangements to pick her son up at Cynthia Little's house on the day in question.[11] N.T. at 16.

At some point, Appellant enters the house and the Victim begins recording the events on his cell phone. N.T. at 20. There was commotion that took place between Cynthia Little and the Appellant in the living room resulting in Cynthia Little calling the police and requesting the

---

[8] Concise Statement, paragraph 1.
[9] Son at the time of the incident was 16 years of age and a junior in high school.
[10] Cynthia Little is the mother of the victim.
[11] Appellant and the victim have a son together.

2

Appellant to leave. N.T. at 22, 23. With the help of the Victim and Appellant's son, the Appellant exited the home and proceeded to damage Cynthia Little's car and spit on the Victim's car. N.T. at 22, 143. At this time, both the Victim and Shanita Little go outside to begin recording the Appellant and her actions. N.T. at 25. At this time, the son attempts to step in between the Appellant and the Victim as they engaged in a verbal argument. N.T. at 25-27.

The Appellant proceeded to re-enter her vehicle, made a right turn, and struck both the Victim and Shanita Little. N.T. at 111. Shanita Little, an individual with dialysis, was struck and "folded onto the hood of the car" and then rolled off the side. N.T. at 113. The Victim was struck on his right leg causing abrasions by the front right tire of the Appellant's car. N.T. at 29, 41. The Appellant also struck the Victim a second time in the upper arm area causing chest pain lasting a week. N.T. at 31. The Appellant began yelling at witnesses to mind their own business and also to her son, "get your shit, lets go!" N.T. at 38. At this time, the Appellant and her son left the scene. Police officers and EMS arrived at the scene to look over both the Victim and Shanita Little. N.T. at 39, 40. The Appellant's argument was based off of no alternative way to drive the vehicle and that she was provoked by the Victim and Shanita Little.

## DISCUSSION

For the reasons set forth below, this Court finds that Appellant's judgment of sentence should stand.

Appellant's challenge is that there was insufficient evidence presented during the bench trial on the charges of Recklessly Endangering Another Person. The standard of review, as indicated by the Pennsylvania Supreme Court, when an appellant challenges the sufficiency of the evidence is well settled:

3

The applicable standard of review for challenges to the sufficiency of evidence must be determined "whether viewing all the evidence at trial, as well as all reasonable inferences to be drawn therefrom, in the light most favorable to the Commonwealth, there exists sufficient evidence to enable the trier of fact to find every element of the crime proved beyond a reasonable doubt. *Commonwealth v. Santiago*, 382 A.2d 1200, 1201 (1978). "Both direction and circumstantial can be considered equally when assessing the sufficiency of the evidence." *Commonwealth v. Hughes*, 555 A.2d 1264, 1267 (1989).

*Commonwealth v. French*, 578 A.2d 1292, 1294 (1990).

The Pennsylvania Criminal Code defines Recklessly Endangering Another Person (Hereinafter REAP) "if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705. "Thus, the crime requires (1) a mens rea recklessness, (2) an actus reus some 'conduct,' (3) causation 'which places,' and (4) the achievement of a particular result 'danger,' to another person, of death or serious bodily injury." *Commonwealth v. Trowbridge*, 395 A.2d 1337, 1340 (Pa. Super. 1978). "Recklessly" is defined as follows:

> A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S.A. § 302(b)(3).

The evidence shows that the Appellant did recklessly endanger another person on both counts. The Appellant made the conscious decision to steer her car towards both victims in a right handed turn striking both individuals in the process. She had means necessary to prevent the situation by putting the car in reverse to avoid pedestrians all together, but instead chose to drive towards both victims in a motor vehicle. Considering the events that led up to these circumstances, in which the Appellant exited the home visibly angered, spit on multiple vehicles and damaged

4

Cynthia Little's car demonstrates a tendency to escalate the incident. Her conduct is evident through the injuries sustained to the victims, which placed both in great danger at the time. The Appellant further demonstrated her willingness to commit such an act by hitting the Victim a second time with her vehicle. A reasonable person in the Appellant's situation would have realized the danger that a vehicle can present when used as a weapon against other humans.

The Appellant's only defense was the nature of both Victims surrounding the vehicle with their cell phones in her face recording the situation and provoking the Appellant into action. This defense is meritless because the Appellant put others in danger by driving the car intentionally at both the Victim and Shanita Little. The Appellant could have put the car in reverse and avoided the entire situation. Instead she drove towards the Victim and his sister with the vehicle. After review of the bench trial record, the elements of REAP are met based on the sufficiency of the evidence and there is enough evidence for the conclusion to be made that all elements were met beyond a reasonable doubt as was found here.

For the foregoing reasons, it is believed that Appellant's claim of error is without merit.

RICHARD A. LEWIS, PRESIDENT JUDGE

**Memorandum date:**

**March 27, 2017**

DISTRIBUTION:
Christopher Jason, Esq., Dauphin Co. District Attorney's Office
Kelly Fisher, Defendant
Paul W. Muller, Esq., Public Defender's Office
Pennsylvania Superior Court Prothonotary *EUET, M fe*
Court Administration – Criminal Division
Clerk of Courts
FILE – President Judge Richard A. Lewis

5

COMMONWEALTH OF PENNSYLVANIA    : IN THE COURT OF COMMON PLEAS

                        : DAUPHIN COUNTY, PENNSYLVANIA

          v.                   :

                        : NO. 6436 CR 2015 (258 MDA 2017)

KELLY E. FISHER              : CRIMINAL ACTION (APPEAL)

## MEMORANDUM OPINION

Appellant, Kelly Fisher ("Appellant" or "Fisher") appeals this Court's judgment of sentence entered January 17, 2017. This opinion is written pursuant to Pa.R.A.P. 1925(a).

## PROCEDURAL HISTORY

At Dauphin County Docket Number 6436 CR 2015, following a bench trial concluding on December 19, 2016, Appellant Kelly Fisher was found guilty of two counts of recklessly endangering another person[1], and one count of each disorderly conduct[2], defiant trespass[3], criminal mischief[4], and careless driving.[5] On January 17, 2017, Appellant was sentenced to 12 months probation and a fine of $450. The Appellant was found not guilty of two counts of aggravated assault[6] and one count of terroristic threats.[7]

A timely notice of appeal was filed on February 1, 2017. In compliance with this Court's February 8, 2017 Order, a Concise Statement of Errors Complained of on Appeal Pursuant to

---

[1] 18 Pa.C.S.A. § 2705.
[2] 18 Pa.C.S.A. § 5503-(a)(1).
[3] 18 Pa.C.S.A. § 3503(b)(1)(i) and (2).
[4] 18 Pa.C.S.A. § 3304(a)(5) and (b).
[5] 75 Pa.C.S.A. § 3714-A.
[6] 18 Pa.C.S.A. § 2702-A4.
[7] 18 Pa.C.S.A. § 2706(a)(1).

1

Appellate Rule of Procedure 1925(b) (Concise Statement) was filed raising the following issue for review:

1. There was insufficient evidence presented during appellant's bench trial on the charges of Recklessly Endangering Another Person (2), where the Commonwealth failed to establish beyond a reasonable doubt that the appellant recklessly engaged in conduct which placed or may have placed another person in danger of death or serious bodily injury. Specifically, the Commonwealth failed to establish that appellant's actions placed Shanita Little or Alexander Little in danger of death or serious bodily injury when she pulled her car away from the curb.[8]

## **FACTUAL BACKGROUND**

The testimony at trial revealed that on August 26, 2015, the conflict between the parties occurred. Transcript of Proceedings, Bench Trial, Page 11, December 9, 2016 (hereinafter "N.T. at __"). Alexander Little's (hereinafter "Victim") son had been suspended at school the day prior for stealing a Gatorade at the school's cafeteria.[9] N.T. at 9. The Victim discussed punishment with his son, which ultimately led to an argument where the Victim's parents arrived to defuse the situation. N.T. at 11. The Victim then received a phone call from his sister ("Shanita Little") who was at Cynthia Little's home.[10] This phone call revealed that a caseworker from Children and Youth was at the mother's home on a reported child abuse claim from an anonymous tip. N.T. at 15. The Appellant had made arrangements to pick her son up at Cynthia Little's house on the day in question.[11] N.T. at 16.

At some point, Appellant enters the house and the Victim begins recording the events on his cell phone. N.T. at 20. There was commotion that took place between Cynthia Little and the Appellant in the living room resulting in Cynthia Little calling the police and requesting the

---

[8] Concise Statement, paragraph 1.
[9] Son at the time of the incident was 16 years of age and a junior in high school.
[10] Cynthia Little is the mother of the victim.
[11] Appellant and the victim have a son together.

Appellant to leave. N.T. at 22, 23. With the help of the Victim and Appellant's son, the Appellant exited the home and proceeded to damage Cynthia Little's car and spit on the Victim's car. N.T. at 22, 143. At this time, both the Victim and Shanita Little go outside to begin recording the Appellant and her actions. N.T. at 25. At this time, the son attempts to step in between the Appellant and the Victim as they engaged in a verbal argument. N.T. at 25-27.

The Appellant proceeded to re-enter her vehicle, made a right turn, and struck both the Victim and Shanita Little. N.T. at 111. Shanita Little, an individual with dialysis, was struck and "folded onto the hood of the car" and then rolled off the side. N.T. at 113. The Victim was struck on his right leg causing abrasions by the front right tire of the Appellant's car. N.T. at 29, 41. The Appellant also struck the Victim a second time in the upper arm area causing chest pain lasting a week. N.T. at 31. The Appellant began yelling at witnesses to mind their own business and also to her son, "get your shit, lets go!" N.T. at 38. At this time, the Appellant and her son left the scene. Police officers and EMS arrived at the scene to look over both the Victim and Shanita Little. N.T. at 39, 40. The Appellant's argument was based off of no alternative way to drive the vehicle and that she was provoked by the Victim and Shanita Little.

## DISCUSSION

For the reasons set forth below, this Court finds that Appellant's judgment of sentence should stand.

Appellant's challenge is that there was insufficient evidence presented during the bench trial on the charges of Recklessly Endangering Another Person. The standard of review, as indicated by the Pennsylvania Supreme Court, when an appellant challenges the sufficiency of the evidence is well settled:

3

The applicable standard of review for challenges to the sufficiency of evidence must be determined "whether viewing all the evidence at trial, as well as all reasonable inferences to be drawn therefrom, in the light most favorable to the Commonwealth, there exists sufficient evidence to enable the trier of fact to find every element of the crime proved beyond a reasonable doubt. *Commonwealth v. Santiago*, 382 A.2d 1200, 1201 (1978). "Both direction and circumstantial can be considered equally when assessing the sufficiency of the evidence." *Commonwealth v. Hughes*, 555 A.2d 1264, 1267 (1989).

*Commonwealth v. French*, 578 A.2d 1292, 1294 (1990).

The Pennsylvania Criminal Code defines Recklessly Endangering Another Person (Hereinafter REAP) "if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705. "Thus, the crime requires (1) a mens rea recklessness, (2) an actus reus some 'conduct,' (3) causation 'which places,' and (4) the achievement of a particular result 'danger,' to another person, of death or serious bodily injury." *Commonwealth v. Trowbridge*, 395 A.2d 1337, 1340 (Pa. Super. 1978). "Recklessly" is defined as follows:

A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S.A. § 302(b)(3).

The evidence shows that the Appellant did recklessly endanger another person on both counts. The Appellant made the conscious decision to steer her car towards both victims in a right handed turn striking both individuals in the process. She had means necessary to prevent the situation by putting the car in reverse to avoid pedestrians all together, but instead chose to drive towards both victims in a motor vehicle. Considering the events that led up to these circumstances, in which the Appellant exited the home visibly angered, spit on multiple vehicles and damaged

4

Cynthia Little's car demonstrates a tendency to escalate the incident. Her conduct is evident through the injuries sustained to the victims, which placed both in great danger at the time. The Appellant further demonstrated her willingness to commit such an act by hitting the Victim a second time with her vehicle. A reasonable person in the Appellant's situation would have realized the danger that a vehicle can present when used as a weapon against other humans.

The Appellant's only defense was the nature of both Victims surrounding the vehicle with their cell phones in her face recording the situation and provoking the Appellant into action. This defense is meritless because the Appellant put others in danger by driving the car intentionally at both the Victim and Shanita Little. The Appellant could have put the car in reverse and avoided the entire situation. Instead she drove towards the Victim and his sister with the vehicle. After review of the bench trial record, the elements of REAP are met based on the sufficiency of the evidence and there is enough evidence for the conclusion to be made that all elements were met beyond a reasonable doubt as was found here.

For the foregoing reasons, it is believed that Appellant's claim of error is without merit.

RICHARD A. LEWIS, PRESIDENT JUDGE

**Memorandum date:**

**March 27, 2017**

DISTRIBUTION:
Christopher Jason, Esq., Dauphin Co. District Attorney's Office
Kelly Fisher, Defendant
Paul W. Muller, Esq., Public Defender's Office
Pennsylvania Superior Court Prothonotary
Court Administration – Criminal Division
Clerk of Courts
FILE – President Judge Richard A. Lewis

5